## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HADIZA I. WADA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES SECRET SERVICE,** | ) | **Civil No. 07-00442 (CKK)** |
| **BANK OF AMERICA, and** | ) | **ECF** |
| **BILL LEONARD,** | ) | |
| **Defendants.** | ) | |
| ——————————————————— | ) | |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE,
## TO TRANSFER TO THE EASTERN DISTRICT OF MICHIGAN

*COMES NOW*, The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, on behalf of the defendant United States Secret Service, respectfully to move to dismiss this case or, in the alternative, to transfer it to United States District Court for the Eastern District of Michigan because plaintiff's *pro se* civil action cannot be properly maintained in the United States District Court for the District of Columbia. In support whereof, the United States respectfully submits the attached memorandum of law, points, and authorities.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

/s/
_____
William R. Cowden, D.C. Bar No. 426301
Assistant United States Attorney

/s/
_____
Barry Wiegand, D.C. Bar No. 424288
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HADIZA I. WADA, | ) | |
|         Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| UNITED STATES SECRET SERVICE, | ) | Civil No. 07-00442 (CKK) |
| BANK OF AMERICA, and | ) | ECF |
| BILL LEONARD, | ) | |
|         Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW, POINTS, AND AUTHORITIES IN SUPPORT OF**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

       The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum of law, points, and authorities in support of its motion to dismiss this case, or, in the alternative, to transfer it to United States District Court for the Eastern District of Michigan.

## I. STATEMENT OF THE CASE.

       1.     On December 1, 2006, a judge of the United States District Court for the Eastern District of Michigan issued a warrant to seize All Funds on Deposit in Bank of America ("BOA") Account Number XXXXXXXX6055. This account was maintained at a BOA branch in Maryland in the name of Latest Technology International ("LTI"). See Complaint, Wada v. United States Secret Service, et al., Civ. Act. 07-0442 (CKK), ¶ 23 ("Complaint"). The warrant issued on probable cause that the funds in the LTI account at BOA were subject to forfeiture to the United States government because of their relationship to a wire-fraud crime in violation of 18 U.S.C. § 1343. See 18 U.S.C. §§ 981(a)(1)(C) and 981(b) (authorizing civil forfeiture of certain property and its seizure by warrant, respectively). When agents of the United States Secret Service executed this

warrant on December 1, 2006, the total seized from the LTI's BOA account was $354,144.44.

2.        LTI appears to be a business that Ms. Hadiza I. Wada created and owns, which she has stated that she registered in Maryland in 2005. See Complaint ¶ 4. A Maryland resident, Ms. Wada is the BOA account's signer on LTI's behalf and the plaintiff in this *pro se* action. See Complaint page 1 & ¶ 7. The U.S. Secret Service and BOA are defendants in this action. See Complaint p.1

3.        Following seizure of the $354,144.14, the U. S. Secret Service initiated procedures for forfeiting the funds in the LTI account to the U.S. government by a non-judicial, "administrative" process. See Complaint, attachment, Letter to Ms. Hadiza Wada from U.S. Secret Service, dated January 25, 2007. While 18 U.S.C. § 981(a)(1)(C) generally authorizes the civil forfeiture to the U.S. government of certain property because of its connection to wire fraud and other crimes, section 981(d) specifically establishes a non-judicial administrative forfeiture process, which is governed by procedures set forth in 18 U.S.C. § 983 and 19 U.S.C. § 1602, *et seq.* See United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 76-77 & nn 5, 7 (2d Cir. 2002) (customs laws, 19 U.S.C. § 1602, *et seq.*, govern administrative forfeiture except where superceded by the Civil Asset Forfeiture Reform Act (CAFRA), Pub.L. 106-185, 114 Stat. 202 (2000), especially procedures set forth in 18 U.S.C. § 983).

3.        After the U.S. Secret Service gave notice of its intent to forfeit the $354,144.44 administratively, Ms. Wada filed on February 26, 2007, a timely claim of ownership to the $149,470.00 of the seized funds. See Complaint, attachment, "Seized Asset Claim Form." Filing this claim foreclosed forfeiture of the $354,144.44 by a non-judicial, administrative process, and the funds thereafter only could be forfeited through a judicial action initiated by the U.S. government

in federal court.  Further, following Ms. Wada's assertion of her claim, the U.S. government had 90

days within which to file in court a complaint *in rem* for forfeiture of the $354,144.44.  See 18

U.S.C. § 983(a)(3).

4.      On or about March 6, 2007, proceeding *pro se*, plaintiff Wada filed this case in the

United States District Court for the District of Columbia, naming as defendants: (1) The U.S. Secret

Service; (2) BOA; and, (3) Bill Leonard.  Ms. Wada's *pro se* complaint apparently seeks return of

$149,500, which the complaint alleges that Ms. Wada's LTI business had on deposit at its BOA

account in Bowie, Maryland, in November 2006.  Plaintiff alleges that the U.S. Secret Service seized

the $149,500 from LTI's BOA account in Maryland on or about December 1, 2006.[1]

5.      According to the address Ms. Wada gave the Court when bringing this action, she

is a Maryland resident.  In her complaint, plaintiff stated that she registered her LTI business entity

with the State of Maryland in 2005.  See Complaint ¶ 4.  The complaint stated that plaintiff opened

an LTI business account in May 2006 at a BOA branch in Bowie, Maryland.  See Complaint ¶ 7.

As described in the complaint, all of defendant Leonard's actions as a BOA employee occurred in

Maryland.  See Complaint ¶ 15.

6.      Defendant BOA moved on May 11, 2007, to dismiss plaintiff's complaint with

prejudice for failing to state a claim against BOA upon which relief could be granted, citing Federal

---

[1]  Plaintiff's complaint states that the third named defendant, Mr. Bill Leonard, is a BOA
employee who works at the bank's branch in Bowie, Maryland.  See Complaint, p. 1.  While
plaintiff's complaint apparently seeks return of $149,500, seized by the U.S. Secret Service from
LTI's BOA account on December 1, 2006, the complaint does not seem to explain the difference
between its $149,500 figure, and the sum of $354,144.44, which is what the U.S. Secret Service
actually seized from BOA account number XXXXXXXX6055 on December 1, 2006.  Plaintiff's
complaint does not list the account's specific routing number, nor any other identifying information
about the account.

Rule of Civil Procedure 12(b)(6).  On May 14, 2007, this Court advised plaintiff that she had to respond to BOA's motion, or the Court would treat it as conceded and dismiss the complaint. Eventually, this Court gave plaintiff until June 15, 2007, to file an opposition to BOA's motion to dismiss.  This Court also has granted the government until June 19, 2007, to respond to Ms. Wada's complaint against the U.S. Secret Service.  Defendant Leonard has filed no pleadings.

7.     On May 25, 2007, the United States commenced in the U.S. District Court for the Eastern District of Michigan a civil action *in rem* for forfeiture of the funds in LTI's BOA account number XXXXXXXX6055 valued at $354,144.44, which had been seized on December 1, 2006. A copy of the forfeiture complaint is attached to this motion and supporting memorandum.  As the government's civil forfeiture complaint makes clear, jurisdiction and venue for the civil forfeiture case (involving the same property at issue in the complaint that Ms. Wada filed here) is proper in the Eastern District of District of Michigan because in that district occurred the (1) acts giving rise to the forfeiture and (2) a substantial part of the events or omissions giving rise to the government's claims, plus (3) the funds seized from the Maryland account were brought into the district.

## II. DEFENDANT U.S. SECRET SERVICE'S RESPONSE

8.     As a result of the foregoing, defendant U.S. Secret Service asserts that this action should be dismissed or, in the alternative, transferred to the U.S. District Court for the Eastern District of Michigan.  Since the time plaintiff filed her action in this Court, it could neither properly be brought nor maintained in this jurisdiction.  When plaintiff brought this case, the funds in question were the subject of a pending, uncompleted non-judicial administrative forfeiture over which this Court lacked jurisdiction.  Plaintiff had notice of this administrative forfeiture proceeding, and, indeed, she intervened in it to contest the forfeiture.  Before the deadline for

completing this non-judicial forfeiture had expired, the government brought a civil action for forfeiture in the Eastern District of Michigan, the court with original jurisdiction over the funds' seizure and where venue is proper. Therefore, plaintiff's action properly belongs in the Eastern District of Michigan, which has jurisdiction to hear and determine the government's forfeiture case involving the same funds. In any event, as the facts stated plaintiff's complaint make clear, no material actions or omissions involving the seized funds took place in the District of Columbia – the process for seizing the funds issued out of the Eastern District of Michigan, and the money was seized from an account located in Maryland, maintained for a Maryland-registered business created by a Maryland resident. Consequently, this plaintiff's *pro se* action has no connection to this Court.

A.    **Plaintiff's Action Was Barred When Filed It and Cannot Be Maintained Here Now.**

9.    Plaintiff's complaint asserts baldly that this Court has jurisdiction to hear this case because "the act on which the complaint is based, the confiscation of Plaintiff's business account was undertaken by a Federal Agency, The United States Secret Service." Complaint at 1. Plaintiff acknowledges that the "action however occurred at the Bank of America located" in Maryland. Id. Plaintiff also admits that "she resides in the State of Maryland." Id. Plaintiff cites no statute conferring jurisdiction in the federal courts over her cause of action.

10.    When plaintiff filed her complaint, this Court did not have jurisdiction over the funds that plaintiff wanted returned. Pursuant to 18 U.S.C. § 981(c), "property taken or detained under this section shall not be repleviable, but shall be deemed to be in the custody" of the head of the agency that seized the property, "subject only to the orders and decrees of the court or the official having jurisdiction thereof." The Court that issued the warrant to seize the funds – the U.S. District Court for the Eastern District of Michigan – was the court having jurisdiction over the money.

11.    Further, once the U.S. Secret Service had commenced the process for non-judicial administrative forfeiture of the funds seized from LTI's BOA account in Maryland on December 1, 2006, this Court lacked jurisdiction over the funds discussed in plaintiff's complaint. See Upshaw v. U.S. Customs Service, 153 F. Supp. 2d 46, 51-52 (D. Mass. 2001) (court has no jurisdiction to review administrative forfeiture until declaration of forfeiture is entered); cf. United States v. Ninety-Three (93) Firearms, 330 F.3d 414, 421-422 (6th Cir. 2003 (administrative forfeiture procedures are favored because they supply mechanism for government and private parties to resolve forfeiture-related disputes without need for judicial action); United States v. Miscellaneous Firearms, 376 F.3d 707, 713 (7th Cir. 2004) (administrative forfeitures favored because their procedures can eliminate need for court proceedings).  The procedures for administrative forfeiture set forth in 18 U.S.C. § 983 were the exclusive means for contesting this forfeiture.  See $8,050.00 in U.S. Currency v. United States, 307 F.Supp. 2d 922, 925 (N.D. Ohio 2004) (motion for relief from seizure could no longer be maintained once government timely instituted forfeiture proceeding in absence of showing of inadequacy of legal remedy; comprehensive CAFRA provisions in § 983 supply adequate remedy at law to contest forfeiture; once administrative forfeiture has begun, motion for return of seized property should be dismissed, and argument that plaintiff filed first lacks merit).  And, of course, plaintiff availed herself of § 983's procedures by timely filing on February 26, 2007, a claim to the funds, foreclosing their administrative forfeiture.  Consequently, plaintiff may not claim that the  funds should be returned because of lack of notice or want of due process.  See Lopes v. United States, 862 F. Supp. 1178, 1188 (S.D. N.Y. 1994) (where there is actual notice of impending forfeiture, there is no violation of due process).

12.    Under § 983(a)(3), once plaintiff had sidetracked the non-judicial administrative

forfeiture of the claimed funds by filing her claim, the government had 90 days to file a civil judicial forfeiture action. Logically, this 90-day period is a part of the non-judicial administrative forfeiture process, and plaintiff was barred from bringing her action in this Court for the funds' return – for the same reasons that she could not seek judicial intervention earlier into an on-going administrative forfeiture proceeding.[2]

13.     After the government timely brought its *in rem* civil judicial forfeiture action in the Eastern District of Maryland on May 25, 2007, the proper way to contest forfeiture of the funds was to oppose the government's civil forfeiture action in that forum – not by maintaining an independent action in this Court. Even construing plaintiff's *pro se* complaint liberally as seeking return of the seized funds rather than as a challenge to their forfeiture, plaintiff's case cannot be maintained in this Court either. Following the initiation of the judicial forfeiture action in the Eastern District of Michigan, plaintiff's sole mechanism for seeking pre-trial return of the funds lay under the terms of 18 U.S.C. § 983(f), which authorizes pre-trial release of some seized property. Indeed, assuming *arguendo* that this Court could properly entertain a § 983(f) petition, plaintiff's action does not purport to be brought under § 983(f). Further, her complaint does not show that she complied with § 983(f)(2), which requires that a "claimant seeking release of property under [§ 983(f)] must request possession of the property from the appropriate official [of the seizing agency having custody of the funds], and the request must set forth the basis" for which the claimant is entitled to return of seized property pending adjudication of the forfeiture.

14.     Even if plaintiff could show that she had sought release of the seized funds from an

_____

[2] Plaintiff filed her claim in the administrative forfeiture process on February 26, 2007, and she brought this action in early March 2007, during the 90-day period set forth in § 983.

official of the U.S. Secret Service, she still was not entitled to ask this Court for review.  Under 18

U.S.C. § 983(f)(3)(A), if an administrative request for return of seized property is unavailing, a

claimant may only file a petition for the return of seized property, when it is the subject of an on-

going forfeiture proceeding, in "the district court in which the [government's forfeiture] complaint

has been filed or, if no complaint has been filed, in the district court in which the seizure warrant

was issued or in the district court for the district in which the property was seized."[3]

**B.**     **This Case Should Be Dismissed or Transferred for Improper Venue.**

15.     When an action is filed in an improper venue, the Court must either transfer it to a

proper venue or dismiss it outright.  As provided in 28 U.S.C. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong
> division or district *shall* dismiss, or if it be in the interest of justice, transfer such case
> to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added).  The decision whether to transfer or dismiss a case that has

been filed in an improper jurisdiction rests in the sound discretion of the district court.  Stewart

Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988); Naartex Consulting Corp. v. Watt, 722 F.2d

779 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210 (1984) (citing Wright, Miller & Cooper, Federal

Practice & Procedure § 3827 at 170 (1976)).  This case should be dismissed because dismissal will

not work a hardship.  The civil forfeiture case in Michigan provides plaintiff with the opportunity

---

[3]  Subsection 983(f)(3)(B) also sets forth the showings that must be made in a petition for
a judicial order for pre-trial release of seized property subject to forfeiture.  Although it may be
observed that plaintiff's complaint does not show why she is entitled to return of the funds, this
Court need not consider that point.  As § 983(f)(3)(A) makes clear, plaintiff's complaint should have
been filed either in the Eastern District of Michigan, where there now is a pending civil action for
judicial forfeiture of the funds and where the warrant for their seizure originally issued, or in the
District of Maryland where the funds were seized.  This Court need only determine that plaintiff's
action does not properly lie in the District of Columbia and should be dismissed or transferred.

to seek relief similar to that requested here. In any event, there is not even a colorable claim that this Court is the proper venue for adjudicating plaintiff's claim.

C.  **In the Alternative, This Case Should Be Transferred to the Eastern District of Michigan Under 28 U.S.C. § 1404(a).**

16.     Even if the Court finds that plaintiff properly could have brought or could maintain her action in the District of Columbia, the case nevertheless should be transferred to the U.S. District Court for the Eastern District of Michigan in the interest of justice and judicial economy. Pursuant to 28 U.S.C. § 1404(a), a case that is properly filed in a particular jurisdiction may be transferred to another, more convenient, jurisdiction in the following circumstances:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (2001). The decision to transfer a case to another district is discretionary and involves a "factually analytical, case-by-case determination of convenience and fairness." SEC v. Savoy Industries, 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979).

17.     As shown above, plaintiff's complaint, if properly grounded, should have been brought in the Eastern District of Michigan, where the original seizure warrant issued and where there now is pending a civil action for judicial of the same funds involved in plaintiff's action in this Court. See 42 § 2000e-5(f)(3). Plaintiff cannot claim any greater convenience in pursuing the case in the District of Columbia. See Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989) (plaintiff's choice of forum is entitled to less weight when that forum is outside plaintiff's home jurisdiction). Plaintiff's claims arose either in Eastern District of Michigan or in Maryland, and the relief she seeks ought to be imposed (if at all) by judicial action in one of those districts. See Franklin v. Southern Railway, Co., 523 F. Supp. 521, 523 (D.D.C. 1981) (where action

has little contact with chosen forum, plaintiff's selection is less important); <u>Packer</u> v. <u>Kaiser</u> <u>Foundation Health Plan</u>, 728 F. Supp. 8 (D.D.C. 1989).  <u>See also</u> <u>Hotel Constructors, Inc.</u> v. <u>Seagrave Corp.</u>, 543 F. Supp 1048, 1050 (N.D. Ill. 1982) (citations omitted) ("Although under the common law doctrine of *forum non conveniens*, plaintiff's choice of forum was an overriding factor entitled to considerable weight, the significance of that choice has diminished since the enactment of § 1404(a).  Additionally, plaintiff's choice of forum has reduced value where the forum lacks any significant contact with the underlying cause of action.").[4]

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


/s/
William R. Cowden, D.C. Bar No. 426301
Assistant United States Attorney

---

[4]  Title 28, Section 1355(a), confers original jurisdiction in U.S. District Courts, exclusive of state courts, "of any action or proceeding for the recovery or enforcement of any . . . forfeiture, pecuniary or otherwise, incurred under any Act of Congress . . . ."  Section 1355(b)(1) provides that
(b)(1)  A forfeiture action or proceeding may be brought in –
    (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or
    (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

28 U.S.C. § 1395 states:
    (a)  A civil proceeding for the recovery of a . . . forfeiture may be prosecuted in the district where it accrues or the defendant is found.
    (b) A civil forfeiture for the forfeiture of property may be prosecuted in any district where such property is found.
    (c) A civil forfeiture for the forfeiture of property seized outside any judicial district may be prosecuted in any district into which the property is brought.

/s/ _____

Barry Wiegand, D.C. Bar No. 424288
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov (e-mail)
Counsel for United States

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, in addition to service through the Court's Electronic Court Filing (ECF) system, I have cause service of the foregoing Motion To Dismiss Or To Transfer And Incorporated Memorandum to be made by, having a copy of it posted in the U.S. mails in an envelope stamped with postage sufficient for first-class handling and addressed to Ms Hadiza I. Wada, plaintiff *pro se*, 4705 Rocky Spring Lane, Bowie, Maryland 20715 (301) 809-2898, on or before the nineteenth day of June 2007.

_____

Barry Wiegand
Assistant U.S. Attorney

-11-

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **HADIZA I. WADA,** | ) | |
|         **Plaintiff,** | ) | |
| | ) | |
|   **v.** | ) | |
| | ) | |
| **UNITED STATES SECRET SERVICE,** | ) | **Civil No. 07-00442 (CKK)** |
| **BANK OF AMERICA, and** | ) | **ECF** |
| **BILL LEONARD,** | ) | |
|         **Defendants.** | ) | |
| _____ | ) | |

## <u>ORDER</u>

This matter came before the Court on a motion by the United States of America, on behalf of the defendant denominated the United States Secret Service, filed in lieu of an answer to plaintiff's complaint. This motion asked the Court to dismiss this case or, in the alternative to transfer it to the United States District Court for the Eastern District of Michigan. In consideration of this motion, its incorporated memorandum of supporting law, points, and authorities, plaintiff's complaint, and the entire record herein, it is by the Court this _____ day of June,

ORDERED, that the motion of the United States of America be, and the same hereby is, GRANTED; and it is further

ORDERED, that this case be, and the same hereby is, DISMISSED without prejudice.

SO ORDERED.

_____          _____
Dated                                                               COLLEEN KOLLAR-KOTELLY
                                                                       United States District Judge

cc:     Ms. Hadiza Wada
        4705 Rocky Spring Lane
        Bowie, Maryland 20715
        (301) 809-2898

        Barry Wiegand
        Assistant United States Attorney
        DC Bar #424288
        555 4th Street N.W.
        Washington, DC 20530
        (202) 307-0299 (with voice-mail)
        (202) 514-8707 (Telefax)
        William.B.Wiegand@USDoJ.Gov

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Plaintiff,

vs.

BANK OF AMERICA ACCOUNT
NUMBER XXXXXXXX6055 IN THE NAME
OF LATEST TECHNOLOGY INTERNATIONAL
VALUED AT THREE HUNDRED FIFTY FOUR
THOUSAND ONE HUNDRED FORTY FOUR
DOLLARS AND FORTY FOUR CENTS
($354,144.44) IN U.S. CURRENCY,

Defendant *in Rem.*

Case: 2:07-cv-12269
Assigned To: Steeh, George Caram
Referral Judge: Pepe, Steven D
Filed: 05-25-2007 At 11:46 AM
CMP USA V. BANK OF AMERICA, ET AL (TAM)

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through STEPHEN J. MURPHY, United States Attorney for the Eastern District of Michigan, and JULIE A. BECK, Assistant United States Attorney, and for its Complaint for Forfeiture states as follows:

1) The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

2) This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

1

3) Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Government's claims occurred in the Eastern District of Michigan.

4) Venue is proper before this Court pursuant to 28 U.S.C. § 1395(C), as the defendant *in rem* was seized in Maryland and brought into the Eastern District of Michigan.

5) This is an *in rem* civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(C) as a result of a violation or violations of 18 U.S.C. § 1343.

## DEFENDANTS -IN-REM

6) The defendant-in-rem consists of Bank of America Account Number XXXXXXXX6055 in the name of Latest Technology International valued at Three Hundred Fifty Four Thousand One Hundred Forty Four Dollars and Forty Four Cents ($354,144.44) in U.S. Currency (hereinafter "defendant account").

7) The defendant account was seized by agents of the United States Secret Service ("USSS") and/or participating local law enforcement officers on December 1, 2006 from Bank of America, 6911 Laurel Bowie Road, Bowie, Maryland, Account Number XXXXXXXX6055.

8) There is evidence that the defendant account constitutes proceeds/property of and/or are funds and property that are traceable to and/or are involved in violation(s) of 18 U.S.C. § 1343 (Wire Fraud) and are therefore forfeitable under 18 U.S.C. § 981(a)(1)(C). The evidence supporting this conclusion, includes, but is not limited to, the following:

2

a.   On November 21, 2006 Andrew J. DiMartino, Jr. contacted the USSS, Detroit Field Office and informed an Agent that his son, Andrew J. DiMartino, III was involved in a scam that engaged his son in a wire transfer.

b.   On September 29, 2006, DiMartino III received an email communication from a "Felix Daniel"stating that he was a banker with BIAO Bank in Abidjan Cote d'Ivoire, West Africa and that DiMartino III had inherited 16 million dollars from a deceased relative.

c.   Additional correspondence occurred between DiMartino III and an "Akeem Edwards, Esq." regarding the legality of the inheritance and the fees incurred in order to transfer the monies.

d.   On October 20, 2006, DiMartino III received an email from "Felix Daniel" instructing him to wire $8,275 to pay for the fees for the documentation approval process to one of his clients in Maryland, an international industrialist, who would then transfer the money to Africa.

e.   On October 23, 2006, DiMartino III wired $8,275 from his LaSalle Bank Account to Bank of America account number XXXXXXXX6055 and beneficiary Latest Technology International.

f.   Hadiza Wada is the trade name owner for Latest Technology International since 2005.

g.   On November 2, 2006, DiMartino III received an email from "Jaques Biko" of Biao Bank instructing him to pay additional fees to cover administrative/activation charges prior to receiving his 16 million dollars.

h.   DiMartino III sent "Akeem Edwards" of West Africa the following money via Western Union in order to cover additional fees to have his 16 million dollars released:

3

| Date | Amount |
|------|--------|
| 11/3/06 | $820 plus processing fee of $71 |
| 11/6/06 | $800 plus processing fee of $65 |
| 11/7/06 | $1,200 plus processing fee of $83 |
| 11/8/06 | $2,500 plus processing fee of $125 |

i.   DiMartino III has wired approximately $13,595 plus $364 in processing fees in an effort to retrieve the 16 millions dollars. DiMartino III has not yet received 16 million dollars.

j.   In addition to DiMartino III, there have been several other fraud victims identified throughout the United States and Canada, including but not limited to the following:

   1.   On November 13, 2006, Anne Williams of Fort Myers, Florida wired $185,000.00 into Bank of America Account No. XXXXXXXX6055. Williams believed that she was investing her money overseas pursuant to the advice of "Kevin Simone," whom she met on AmericanSingles.com.

   2.   On November 9, 2006, Lorraine Derr of Tucson, Arizona wired $30,000.00 into Bank of America Account No. XXXXXXXX6055 after following the investment advice of "Nathan Welsh" who she met on AmericanSingles.com. Derr incurred a total loss of approximately $123,468.00 after investing in various accounts.

## CLAIM

9) Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 8 above, including the subparagraphs thereunder.

4

10) The defendant account is forfeitable to the United States pursuant to 18

U.S.C. §981(a)(1)(C) as funds and property that are traceable to and/or are involved in

violation(s) of 18 U.S.C. § 1343 (Wire Fraud).

## RELIEF

WHEREFORE Plaintiff, the United States of America, respectfully requests that a

warrant for the arrest of the defendant-in-rem be issued; that due notice be given to all

interested parties to appear and show cause why the forfeiture should not be decreed; that

judgment be entered declaring that the defendant-in-rem be condemned and forfeited to

the United States of America for disposition according to law; and that the United States

of America be granted such other and further relief as this Court may deem just and

proper, together with the costs and disbursements of this action.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

JULIE BECK
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
[P53291]

Dated: May 24, 2007

5

## **VERIFICATION**

I, MARISELLA SHAW, state that I am a Special Agent with the United States Secret Service. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

Marisella Shaw
Special Agent, USSS

DATED: May 23, 2007

6