THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 1 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

HADIZA I. WADA )
    Plaintiff )
   )
V. ) CIVIL ACTION NO. 07-cv-0042 (CKK)
THE UNITED STATES SECRET SERVICE )
et al. )
    Defendant )
   )

**PLAINTIFF'S OPPOSITION TO DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS**

Plaintiff in response to defendant Bank of America's motion to dismiss presents the following argument in support of her motion that Plaintiffs complaint should not be dismissed.

While the Defendant, BOA claims that Plaintiff made assertions unsupported by fact, it has failed to offer any opposing argument to Plaintiff's statements. Plaintiff on the other hand has offered as much of the documentation as was available at the time to back up its statements. Furthermore, on a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the courts have held that "a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); accord *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (a court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). For purposes of resolving a motion to dismiss, the court must treat the Plaintiff's factual allegations as true, *see, e.g., Warth v. Seldin*, 422 U.A., 490, 501 (1975),

1

and must liberally construe the complaint in favor of the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969)

Plaintiff argues that it is premature at this time to dismiss claims against the Defendant BOA. The Defendant has not tendered any explanation as to the role it played, and why it believes its role should not be open to challenge by Plaintiff, and determination by the court in relation to assigning liability and relief in favor of Plaintiff. "The label which a Plaintiff applies to a pleading does not determine the nature of the cause of action which he states" see Haines V. Korner, 404 U.S. 519 (1972) Furthermore, the court generally decline dismissal of complaints simply because Plaintiff failed to assert proper cause of action. *See Jackson v. United States*, 547 F. 2d 688, 691 (D.C. Cir. 1976)

Plaintiff has described in the complaint filed with the court; (especially statements 10-22) some of the problems she faced from the bank's employees; with additional details contained in a document titled "Complaints against the Bank of America" which Plaintiff prepared in November 2006 to describe all the details of what transpired. In response to BOA, Plaintiff attaches a clarified statement of claims to this motion pursuant to Rule 15 of Federal Rules for Civil Procedure.

It is questionable whether the BOA and its employees can assume qualified immunity to shield it from possible liability stemming from violation of constitutional or statutory right. Even when applying the objective qualified immunity standard, courts generally must determine first whether the Plaintiff has stated a violation of a constitutional or statutory right and, if so, whether that right was so clearly established that a reasonable person would have known that his acts violated the right. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) The threshold inquiry is whether, "[t]aken in the light most favorable to the

2

party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S.

Plaintiff intends to show a sequence of actions, including but not limited to statements by bank officials she spoke to, indicating either complicity, or else eagerness to work with whoever is working against Plaintiff's interest. Plaintiff remembers a Ms. Carter whom she spoke to on the phone, who was described as a senior management official of BOA sarcastically implying that Plaintiff was engaged in illegal business operations of sorts. Also questionable is the apparent deliberate tying of the case to Eastern Michigan District Court using a questionable transaction which Plaintiff has no knowledge regarding the funds deposited in her account. Plaintiff asserts complicity of sorts, or at the very least, negligence. Eastern Michigan District Court is notorious for its prosecutions of financial impropriety cases against Muslims[1], all pointing to violation of Plaintiff's constitutional right to freedom of religion, and violation of her protected status against discrimination and disparate treatment due to race, sex and national origin.

No depositor, especially one who runs a business with commitments for the provision of either goods or services to third parties should be given a run-around after being restricted financially by a bank (Bank of America) who the account holder, entrusts with the safe keeping of all funds in its business account.

The courts have held many institutions both private and public, including in some cases law enforcement agencies, liable for violations of individual rights in the cause of performing their duties. The threshold inquiry once again is whether, "[t]aken in the light

---

[1] A case in point was the lawsuit filed by ACLU in Eastern Michigan District July 30, 2003 on behalf of several Muslim charities and groups Civil Action No. 03:72913

most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S.

It is therefore premature for the bank to seek dismissal of complaint.

Furthermore, Plaintiff believes most of the delay caused by the bank's actions was unnecessary, and the bank knowing fully well the effect of any delays and continued extensions of such delays on a business account, (Business loss, adverse impact on business activities and reputation) continued unabated with such delays.

Despite constant reminders to the bank as to the effect of their actions on Plaintiff's business including the stress it continued to cause her, the bank was undeterred. Withholding of any and all information relating to why the bank was taking such an action, prevented Plaintiff from narrowing any possible problem there may be (if any) and dealing with it in a timely manner to minimize the effect of such restriction on Plaintiff's business.

Withholding any and all information from Plaintiff also amounts to the presumption of guilt until proven innocent, in direct contravention of the law.

Furthermore, Plaintiff believes that the bank may have knowingly used Plaintiff's profile and personal identifiers (race, sex, and especially religion and national origin) to buttress the presumption of guilt while engaging in and/or conspiring with third parties to engage in unlawful activities aimed at the eventual confiscation and the keeping of all funds in Plaintiff's business account. While Plaintiff entrusted the bank with the safe keeping of funds in her business account, some three deposits she had neither made nor solicited

were deposited to her account,[2] and is now being used as the reason to seize all funds in her business account. That is strongly suspect. Many questionable actions further convince Plaintiff of complicity, such as the sudden appearance of Mr. Bill Leonard at the Bank, an individual Plaintiff had never seen in the bank before; his subsequent action of providing her with what he claimed was the bank's routing number which she later confirmed was not the routing number preprinted on her business checks.

Plaintiff's research on the bank shows that BOA violated their fiduciary responsibility and private contract to safely hold funds entrusted to it. On November 13, 2001, Clark County District Court Judge Allan R. Earl threw out a motion to dismiss by the BOA Counsel, and elected to provide the Plaintiff in that case Mr. Schiff a chance to depose an IRS agent James Gritis in a case (A-440323) where BOA complied to a notice of intent to Levy without demanding to see a valid court warrant.

Plaintiff would also like to note that, while the Bank in its motion of May 11, is saying that "Plaintiff readily admits that the secret service seized her BOA account Plaintiff was only relating the bank's claim. Plaintiff has no way of knowing what happened in relation to the funds in her business account, such as where they are, who authorized the seizure, and who took charge of the funds and for how long. It is incumbent on the bank to explain why and when it took the action, under whose authority, including relinquishing to Plaintiff a copy of all documents authorizing the Defendant to take each and every action in relation to Plaintiff's account.

While the bank claims that the Secret Service seized the funds on December 1, 2006, a document recently received from Eastern Michigan shows that the warrant to seize the

---

See Declaration of Plaintiff in relation to the particular deposit being used by the charging office from Eastern Michigan as the reason for their foray out of their jurisdiction to seize Plaintiff's business account funds with BOA in Maryland.

funds was issued on May 25, 2007. The document did not claim that the recent warrant was an extension, but clearly states that this was the first time a warrant has been issued to seize the funds.

Without providing documentation to support its actions, Defendant left Plaintiff with no way of ascertaining who is liable for damages relating to her claims. Until such time that Defendant provides such information, Plaintiff has no option but to continue to hold the Defendant liable for all funds Plaintiff entrusted to it, which the Defendant has not returned to Plaintiff.

Plaintiff was under crushing pressure from the diverse impacts of Defendant's actions. Plaintiff relied on the use of the funds from her business account to fulfill certain obligations. Any attempt by Plaintiff to seek the cooperation from the Defendant (including attempt to get a letter stating obvious and basic facts to allay the fears of third parties) fell on deaf ears. On the other hand, third parties with claims against the business could not believe that such actions as the Defendant has exhibited could come from any U.S. institution public or private; where business account funds could be restricted by a bank without any justifiable reason provided to the account holder.

Many actions in relation to the seizure including Defendant's are suspect. All assets seized by the Department of Justice go into its Asset Forfeiture Fund, which the Attorney General is authorized to use for law enforcement purposes. 28 U.S.C. S 524(c). ….This incentive enhances the need for close scrutiny of in rem forfeitures. "I]t makes more sense to scrutinize governmental action more closely when the State stands to benefit.' *Harmelin v. Michigan*, 501 U.S. 957, 979 n.9 ('91) (Scalia, plurality opinion).[3]

---

[3] Note that the case referenced that drew such comment from a Supreme Court Justice is also a Michigan case.

6

As set above, only by disclosure of its role as it relates to the statements of facts set forth, including those raised in this motion backed by legal citations, could the Bank of America credibly argue in favor of its being relieved of liability. Plaintiff asserts that a motion to dismiss is definitely premature, and asks the court to rule in her favor.

Respectfully Submitted

*Hadiza Wada*

Hadiza I. Wada
4705 Rocky Spring Lane
Bowie MD 20715
301.809.2898

## CLAIMS FOR RELIEF (APPLICABLE TO BOA ONLY)

While Rule 8a (Claims for Relief) (2) of the Federal Rule of Civil Procedure is clear about the nature of a statement of claim by stating thus "a short and plain statement of the claim showing that the pleader is entitled to relief" obviously suffices, Plaintiff sets forth these particular claims (in addition to all statement of facts, and other claims so contained in the original complaint not responded to so far by Defendant). Plaintiff in working to clarify areas of concern aims at expediting the process by providing Defendant BOA a focal point. It is not intended however to confine the whole process to those issues, as Defendant is yet to responds to the statements of facts and other claims raised in the original complaint.

(1) **Breach of Trust:** - Plaintiff entrusted Bank of America with the safekeeping of business account funds. (a) Bank of America by its actions and employee statements exhibited some eagerness to work against depositor (Plaintiff)'s interest, in some instances being sarcastic in an accusatory manner. (b) Bank of America in operating a bank, is liable to follow all its legal obligations and responsibilities including those accorded its customer, Plaintiff, violation of which opens it up to liability.

(2) **Negligence and Betrayal:** - Plaintiff believes that her readily identifiable characteristics, especially religion, race and national origin readily contributed to the kind of negligence and betrayal she encountered with BOA managers and employees.[1] Plaintiff contends that BOA exhibited significant lapses creating a

---

[1] See complaint document titled "Complaints about the Bank of America" attached to civil complaint #07-cv-0043.

lop-sided treatment in the performance of the fiduciary responsibility to their customer (Plaintiff) vs. compliance to any state demand in favor of state.

(3) **Complicity:** - As soon as a charge for a ticket towards international travel dated October 19, 2006 appeared on Plaintiff's business account activity with the BOA (debited by the bank on October 23, 2006), and a subsequent travelers check purchase by Plaintiff at the Bank of America was processed, three dubious deposits by wire surfaced without her knowledge in her business account. One of the three deposits was later claimed by the Secret Service to justify a raid and seizure of her business account funds.

## RELIEF SOUGHT (REVISED FOR ALL DEFENDANTS)

1. Plaintiff requests the return of all funds from her business account.
2. In addition, Plaintiff seeks maximum compensation allowed by law for all financial losses due to:

(a) Business disruption

(b) Financial loss for the duration of the confiscation

(c) Destruction of business reputation

(d) Financial confinement and other hardships created by the actions of the Defendants.

(e) Harassment and intimidation

(f) Attorney fees, costs, and expenses;

(g) A permanent injunction against continuous harassments by the Secret Service.

(h) Such other relief the court deems appropriate.

## **DECLARATION OF HADIZA WADA (PLAINTIFF)**

I, Hadiza I. Wada of 4705 Rocky Spring Lane, Bowie Maryland voluntarily provide the following notarized declaration for civil case number 07-CV-00442.

Sometime during the first week of December 2006, I received one of those sky blue colored notices Bank of America sends to its customers as notices of overdraft or similar activities related to their accounts, which generally describe recent account activity, the action taken by the bank, and possible fees assessed to the accounts. It was a notice claiming that the bank had turned over all funds held in business account ending in numbers 6055 in the name of Latest Technology International (a total of $354,244.44) to the United States Secret Service.

The Legal Counsel I had just retained advised that I scrutinize all deposits in the business account identifying ownership, and for what purpose they were wired either into the account or out of the account. While reconciling the account, I was able to identify three separate deposits of $8,725 credited on 23rd day of October, 2006, $4,985 credited on the 24th day of October, 2006 and a $5,484 deposit credited on the 30th day of October 2006 that I had no idea why they were in my account. There were just two businesses, Eagle Sino International and Latest Technology International who could make claims to any deposit, as described in more detail on the Assets Claim Form Latest Technology International filed with the U S Secret Service on the 21st day of February, 2007. A copy of that filing is also attached to the civil complaint # 07-CV-00442 filed with this court.

Eagle Sino did not identify or lay claim on the three deposits.

On December 27, 2006 or thereabout, I provided my counsel with the result of my review of all wired deposits, clearly stating that neither business claimed the three deposits.

In their first correspondence to Plaintiff during the first week of June, 2007 disclosing what appears to be the Secret Service's reason for seizing the entire funds in my registered business account ending in numbers 6055 at the Bank of America, the U. S. Secret Service in Michigan cited one of three deposits ($ 8,725) as the only jurisdictional claim Michigan is asserting for its foray into Maryland to seize all funds totaled at ($354,244.44) in my business account.

I am today declaring that I had nothing to do with the deposits of $8,725, $4,985 and $5,484. I have no knowledge, nor any connection to anyone who can claim these deposits. I have transacted no business to account for these

deposits. Eagle Sino International, the only other business possibility, has never claimed these deposits. These funds were included in the amount seized by the U.S. Secret Service.

I have read the foregoing and declared that it is true to the best of my knowledge.

_____   _____
Signed                      Dated 6·15·07

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| HADIZA I. WADA | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 07-cv-0042 (CKK) |
| v. | ) | |
| | ) | |
| U.S. SECRET SERVICE, ET AL | ) | |
| Defendants | ) | |

## ORDER

Upon consideration of Plaintiff, Hadiza Wada, opposition to dismiss hereto, it is this _____ day of _____, 2007 hereby

ORDERED, that Plaintiff's motion, and the same hereby is, GRANTED.

ORDERED that Plaintiff's case should not be dismissed against Defendant, Bank of America.

_____
COLLEEN KOLLAR-KOTELLY

United States District Judge

## CERTIFICATE OF SERVICE

I certify that the foregoing motion has been mailed first class this 15th day of June, 2007 postage prepaid to:

Tessa Laspia Frederick
10 Light Street
Baltimore MD 21202
410.727.6464 (phone)
410.383.3700 (fax)

*Hadiza Wada* (signature)
Hadiza I. Wada
4705 Rocky Spring Lane
Bowie MD 20715