IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **HADIZA I. WADA,** | * | |
| Plaintiff, | * | Case No. 07CV00442 |
| v. | * | |
| | | Judge Colleen Kollar-Kotelly |
| | * | |
| **U.S. SECRET SERVICE, ET AL.,** | | |
| | * | Deck Type: Pro se General Civil |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant, Bank of America, N.A. ("BOA"), by its undersigned attorneys, hereby files this Reply to Plaintiff's Opposition to BOA's Motion to Dismiss and states as follows.

### Introduction

In the Opposition, Plaintiff argues that the Complaint should not be dismissed for numerous reasons, none of which have any basis in law or in fact.  Plaintiff attempts to "amend" the Complaint by referring to a document attached to the Opposition, argues facts not presented in the Complaint and yet fails to explain to this Court why BOA is liable for the U.S. Government's seizure of her BOA account.  Moreover, in light of the Motion to Dismiss filed by Co-Defendant, the U.S. Secret Service, BOA should be dismissed from this case.

### Argument

A.  **Plaintiff's Attempt to Amend Complaint is Procedurally Defective.**

In the Opposition, Plaintiff first makes the argument that in response to BOA's Motion to Dismiss, "Plaintiff attaches a clarified statement of claims to the motion pursuant to Rule 15 of Federal Rules for Civil Procedure."  Opp., p. 2.  However, Plaintiff's attempt to amend the Complaint is procedurally defective.  Federal Rule of Civil Procedure 15(a) permits a party to

amend a pleading once as a matter of course before a responsive pleading is served. After a responsive pleading is filed, the party may amend only by leave of the Court. F.R.C.P. 15(a). In this matter, responsive pleadings have been filed by both Defendants.

Local Civil Rule 15.1 provides in pertinent part:

> A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended. The amended pleading shall be deemed to have been filed and served by mail on the date on which the order granting the motion is entered.

L.Cv.R. 15.1. Attaching a "clarified statement of claims" to an Opposition to BOA's motion to dismiss does not amend the Complaint because such an attempt to amend in this manner is procedurally defective under the Rules cited above.

### B.  Plaintiff's Arguments as to the Merits of the Case Are Also Ineffective.

Plaintiff's next argument in support of her Opposition appears to be a discussion of the merits of the case and an assertion of numerous factual allegations in support of the Complaint. Such arguments do not change the fact that the Complaint fails to state a claim against BOA upon which relief can be granted. BOA's Motion to Dismiss is based upon the facts alleged in the Complaint. Plaintiff has not sought leave to amend the Complaint and the allegations made in the Opposition and the documents attached to it do not serve as amendments to the Complaint.

### C.  BOA Joins In and Incorporates the U.S. Secret Service's Motion to Dismiss.

Co-Defendant U.S. Secret Service (the "Government") recently filed a Motion to Dismiss, or in the Alternative, to Transfer Venue (the "Government's Motion"). In it's Motion, the Government admits and agrees that Plaintiff's BOA account was in fact seized by the Government and was subject to an administrative forfeiture governed by 18 U.S.C. § 983 and 19 U.S.C. §1602, *et seq.* Government's Motion, pp. 1-2. Thus, it is clear that BOA was not the cause of the seizure of Plaintiff's BOA account. At present, as a result of Plaintiff's filing of a timely claim of ownership to the funds in her BOA account, the Government has commenced a

civil forfeiture action in the Eastern District of Michigan with regard to the funds seized in Plaintiff's BOA account.  Id., pp. 4-5.  In addition, as the Complaint alleges, the funds were seized from a BOA account maintained in Maryland, not the District of Columbia, which account was opened by Plaintiff, a Maryland resident.

Finally, because it is undisputed that the basis for Plaintiff's Complaint is the funds seized by the Government from her BOA account, BOA incorporates the Government's argument that this Court does not have jurisdiction over this matter.  The U.S. District Court for the Eastern District of Michigan issued the warrant leading to the seizure of Plaintiff's BOA account and that Court has jurisdiction over the funds seized.  Government's Motion, pp. 5-7.

## Conclusion

WHEREFORE, for the reasons set forth above and in BOA's Defendant's Motion to Dismiss and the Motion to Dismiss filed by the Co-Defendant, the U.S. Secret Service, Defendant, Bank of America, N.A., respectfully requests that all claims against BOA in Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

_____/s/_____
Tessa Laspia Frederick # 465519
Miles & Stockbridge P.C.
10 Light Street, Suite 1200
Baltimore, Maryland 21202
(410) 727-6464

Attorneys for Defendant,
Bank of America, N.A.

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing *Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss* was mailed via first class mail, postage prepaid, this 3rd day of July, 2007, to:

>Hadiza I. Wada
>4705 Rocky Spring Lane
>Bowie, MD 20715
>
>Pro Se Plaintiff

and that pursuant to LCvR 5.4 that on the 3rd day of July 2007, Counsel for Co-Defendant, U.S Secret Service, should receive electronic notice of the filing the foregoing *Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss* at the e-mail address which has been designated by counsel for the U.S. Secret Service to receive notices of electronic filings in this case.

>_____/s/_____
>Tessa Laspia Frederick