RECEIVED
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

2007 JUL 13  PM 11: 30

NANCY M.
MAYER-WHITTINGTON
CLERK

HADIZA I. WADA           )
    Plaintiff           )
              )                    *07-442*
    V.           ) CIVIL ACTION NO. 07-cv-0042 (CKK)
THE UNITED STATES SECRET SERVICE  )
et al.           )   **RECEIVED**
    Defendant           )
              )       JUL 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES SECRET SERVICE'S MOTION TO DISMISS OR TRANSFER VENUE

Plaintiff in response to the defendant United States Secret Service's motion to dismiss or transfer case to the Eastern Michigan Court [1] (Exhibits 1- 3)  presents the following argument in support of her motion that Plaintiffs complaint should not be dismissed and that Jurisdiction should remain in the U. S. District Court for the District of Columbia.

 At the stage of litigation when dismissal is sought, a plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). Furthermore, a complaint drafted by a pro se plaintiff will be held to a "less stringent standard[]" than that for pleadings drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Greenhill v. Spellings, 482 F.3d 569, 572 (D.C. Cir. 2007); On a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6),

---

  The first notice from the Bank of America did not indicate that the seizure was initiated by Michigan Office of the Secret Service. In fact it listed it as garnishment, with no further information on the notice (exhibit). The letter from the Secret Service dated January 25, 2007 did not identify Michigan as the district initiating the seizure; it provided a local address in Washington. The first document indicating Michigan as the Seizure initiator was the complaint of May 30, 2007 received June 1, 2007 at Plaintiff's Business Mailing address. The first time Plaintiff saw what is now claimed as a warrant for seizure issued by Michigan came with the motion filed by Defendant on June 19, 2007.

the courts have held that "a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); accord *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (a court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  For purposes of resolving a motion to dismiss, the court must treat the Plaintiff's factual allegations as true, *see, e.g., Warth v. Seldin*, 422 U.A., 490, 501 (1975), and must liberally construe the complaint in favor of the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). Furthermore, it is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001)

The Secret Service's actions and the sequence of events against Plaintiff and her business appear to go beyond the threshold of qualified immunity against possible liability stemming from violation of constitutional or statutory right.  Plaintiff has described in her complaint filed with the court; some of those questionable and sometime contradictory statements emanating from officials that described themselves as agents of the Secret Service.[2] The threshold inquiry is whether, "[t]aken in the light most favorable to the

---

 See statements # 24-33 (pages 5-7) of civil action 07: CV-0442 complaint filing. In addition, Agent Spivey met with Plaintiff twice, once when he showed up at her residence door on January 23, 2007 and the second time at an interview in N.W. D.C., neither times did he provide any proof of who he said he was, even after

party asserting the injury, . . . the facts alleged show the officer' s conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S.

One clearly questionable action is the apparent deliberate tying of the case to the Eastern Michigan District Court, notorious for its prosecutions of financial impropriety cases against Muslims. This disturbing action indicates prior knowledge of Plaintiff's religious identity, a matter of public records definitely kept by agencies such as the Secret Service. These all point to violation of Plaintiff's constitutional right to freedom of religion, and violation of her protected status against discrimination and disparate treatment due to race, sex and national origin, as affirmed by Title VII of the Civil Rights Act of 1964.

Further incentive could be explained by a disturbing provision of forfeiture laws. All assets seized by the Department of Justice go into its Asset Forfeiture Fund, which the Attorney General is authorized to use for law enforcement purposes. 28 U.S.C. S 524(c) " ….This incentive enhances the need for close scrutiny of in rem forfeitures. "I]t makes more sense to scrutinize governmental action more closely when the State stands to benefit.' *Harmelin v. Michigan*, 501 U.S. 957, 979 n.9 ('91) (Scalia, plurality opinion). One other issue is the complaint in Michigan was untimely filed. In accordance with Civil Forfeiture Rule 983(c3)(a) the maximum number of days allowed the Secret Service to file a complaint in court after the initial assets are seized is (90) days which had expired before the complaint was filed with the Michigan Court.

Plaintiff as described in the complaint Civil Action 07-0442 filed with the U.S. District of Columbia court, is a law abiding citizen that has been a victim of constant financial harassment by agencies of the federal government since filing a civil action (employment

asking for confirmation specifically at the interview. His denying knowledge of correspondence from D.C. office while he claims leading Plaintiff's investigation in D.C.

discrimination) against a federal agency, and believes unless she asserts her rights and have those responsible for such violations held accountable by a court of law, as a deterrent, such deliberate harassments and violations will continue. Plaintiff has already described some of such actions taken against her in the past[3] (Exhibits 4-9)

Because of past experiences, some of which are related in the footnote; Plaintiff brought a complaint to this court, believing from the beginning that this may be another case of financial harassment. Plaintiff runs a legal business and has not engaged nor conspired with anyone to engage in any fraudulent activity. After many months of investigation of the claims charged against Plaintiff's business, The Secret Service has not shown a direct connection between the alleged fraudulent activity and Plaintiff's legally operated business. The factual situation as it stands presently, and as supported by all the documentation provided by Plaintiff does not support the granting of a motion to dismiss Plaintiff's complaint;-

1. The Michigan District office of the Secret Service is claiming to have the legal authority for their foray into Maryland to seize funds from a legally registered and

---

See Plaintiff's complaint (07: CV-00442) page 8 under subtitle Matters to be resolved; items a-d described just some financial assaults from federal agencies in recent years. Copies of documents to back the claim are attached as exhibits, IRS notices # 28-53035 for tax year 2001 sent March 2004 charging $4,046, another notice #250370 sent on May 10, 2004 for year 2003 charging $3,198, another # 55031-0639 sent August 30, 2004 for year 2002 charging $1,897, later in January 2005, #CP505 was sent charging $6,886 for 2001 up from $4,046. They were sent from IRS offices in Bensalem, PA; Atlanta, GA; Philadelphia, PA and Atlanta, Georgia offices respectively. While waiting on IRS to resolve the various claims as instructed, a Notice of Levy was sent to Plaintiff's Mortgage Company in October 2005. Despite all the inconsistencies as explained in an accompanying correspondence of June and September, 2005 (enclosed as exhibit); and note, as usual, no official authorizing the Notice of Levy action signed their full name on the levy (enclosed as exhibit), IRS insisted it was genuine and threaten action against the primary residence of Plaintiff. Plaintiff's family made a hardship withdrawal against retirement benefits to satisfy the IRS demand to save their family residence, then made arrangement to pay up the rest, a precondition set by IRS. Also enclosed is a copy of a third notice from OPM directing another federal agency (BBG) to release documents necessary to process Plaintiff's retirement benefit, after what Plaintiff believes strongly that it was another retaliatory action; terminating of Plaintiff's employment despite clean and exemplary record of performance for the previous 15 years before filing an employment discriminatory complaint in court. Benefits were held up for months by BBG with no reason tendered.

operated business, on allegation that there was a deposit of $8,725 into LTI account from an alleged victim of fraud residing in Michigan.

2.  Assets Claimant, the Plaintiff has provided a notarized declaration asserting her innocence in relation to the allegation against her business.

3.  The Secret Service has not furnished any evidence in their complaint to buttress any claim of connections between Plaintiff and her company LTI's business activities and the person who allegedly was a victim of fraud.

Furthermore, Plaintiff believes that the seizure action was not warranted nor properly handled for the reasons stated as follows:

The Secret Service issued a Warrant dated December 1, 2006, signed by Victoria A. Roberts, a judge of the United States District Court for the Eastern District of Michigan to seize all funds on deposit in Bank of America (BOA) account number xxxxxxxxxxxx6055. The seizure warrant case number is 06X51106. (See Exhibit 3) Plaintiff was not aware of this document until June 19th, 2007. Plaintiff received an Advice of Debit document from the Defendant (Bank of America) dated December 1st, 2006 advising that the amount of $354,144.44 was "garnished" from account number xxxxxxxxxx6055, (See Exhibit 1)

Plaintiff received correspondence from the office of the United States Secret Service in Washington DC dated January 25th, 2007 advising that the seizure and forfeiture of the property could be contested "in the United States District Court" by filing a claim (no mention of Michigan). The correspondence referred to Seizure number 205-2007-001, (See Exhibit 2)

5

Plaintiff is seeking an explanation regarding the discrepancies in the Seizure Warrant Case Numbers. Plaintiff is also questioning why the January 25th correspondence from the Secret Service advised that the actions taken could be contested in the US District Court and made no mention of the filing in the Eastern District Court of Michigan, more than seven weeks after the Michigan warrant (supposedly the only legal warrant) was supposed to have been issued.

Plaintiff believes that the December 1st, 2006 warrant may not have issued by the Michigan court at the time the funds were seized, putting into question the whole legal basis for the seizure in December, 2006.

Because Defendant continues to use the term "alleged" in relation to the legal status of Plaintiff's business, Plaintiff is forwarding as evidence to this court documents certifying the legal status of her business.[4] (Exhibits 10-12)

After eight months of investigations, The U. S. Secret Service charges still remain without factual evidence to back up claims against the business LTI.

Moreover, U.S. 983 (4) (c) states "the burden of proof is on the government to prove by a preponderance of evidence that the property is subject to forfeiture." But in this case, based on the sequence of events, the government initiated the action against Plaintiff's business assets well before they had any evidence of possible wrongdoing. The Bank of America's decision to restrict the account was communicated to Plaintiff by correspondence dated November 6, 2006, and the account was frozen on November 15,

---

A document certifying that LTI was registered as a trade name June, 2005 with the State of Maryland Department of Assessment and Taxation, The trade name approval sheet from the same month (June 2005), a printed copy of Plaintiff's account statement from Bank of America indicating the date account was opened at the bank for LTI as May 26, 2006; a letter from the office of the Comptroller of Maryland from December 2006, assigning a sales and use tax license for filing state taxes; another letter from IRS from December 2006 assigning LTI an employer identification number for filing federal taxes.

2006. The United States Secret Service stated in its motion filed June 19, 2007 that they were first contacted in relation with their jurisdictional claim on the 21st day of November, 2006;[5] (Exhibit 13) meaning the decision to restrict and the actual restriction implementation occurred well before the U.S. Secret Service has any reason to initiate an action against the account.

## JURIDISCTION SHOULD BE MAINTAINED WITHIN DISTRICT OF COLUMBIA.

Defendant argues as an alternative to not dismissing Plaintiff's case, that the District of Columbia transfers the case to Eastern District of Michigan. First and foremost, defendant has conceded that "The decision to transfer a case to another district is discretionary and involves a "factually analytical, case-by-case determination of convenience and fairness." SEC v. Savoy Industries, 587 F.2d 1149, 1154 (D.C. Cir. 1978)."

The seat of the federal government including the United States Secret Service headquarters is located in the District of Columbia. Plaintiff resides and operates her business within the local D.C. metropolitan area, where the court is located. This would mean both parties in the case will not be unduly burdened by trial at this court.

Nine factors are to be considered, in accordance with the Supreme Court's notation for making a change of venue. These reasons for change of venue include (1) location of defendant (2) disruption of the defendant's business (4) location of counsel (5) expense to the parties. All the reasons above are applicable to Plaintiff when viewed in the light of the request to transfer the case to Eastern Michigan, as Plaintiff in Michigan will be working on behalf of her Business assets cited as Defendant. Defendant is not located in

See copy of Michigan motion filed May 30, 2007 (Page 3).

7

Michigan. Defendant's business operation is also not in Michigan. Plaintiff, a Claimant for seized Assets from LTI bank account, also Counsel for LTI (Pro Se) is not located in Michigan. And there will obviously be substantial costs related to travel, room and board, local transportation, and other miscellaneous expenses for each day of trial for Plaintiff (Defendant in Michigan). Finally Supreme Court's reasons as mentioned above also allows for a change of district to any other, including a district in which no part of the "alleged" offence was committed.

 In determining proper venue for a trial, the Supreme Court has also held that a defendant can move for a change of venue because of prejudice that may deprive him of a fair trial. This is a valid issue as it relates to the forfeiture action against LTI assets. The whole issue surrounding the confiscation of all funds from Plaintiff's business account from an office is Michigan is questionable. It appears too convenient for a region that is becoming increasingly notorious for civil forfeiture cases against Muslims businesses. One of such cases was the lawsuit filed by ACLU in Eastern Michigan District July 30, 2003 on behalf of several Muslim charities and groups Civil Action No. 03:72913.

While defendant claimed in its motion that Plaintiff filed her claim February 26, 2007 that statement is incorrect.

4.  Plaintiff signed and mailed the asset claim form on the 21st day of February 2007, by FedEx priority overnight service, to the address specified by the correspondence from the Secret Service.[6] (Exhibit 14 ) The ninety days maximum for filing a complaint in court expired on the 23rd day of May, 2007. And the rules clearly states:

See statement #25 (Page 6) of civil complaint # 07: CV-0442. See also tracking receipt from FedEx.

CIVIL ASSET FORFEITURE REFORM ACT" OF 2000, Section 983 (3)(A) states in part "Not later that ninety days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims...."

5. Complaint motion claimed that Deputy Clerk of Eastern Michigan Court, David J. Weaver signed a warrant for seizure of assets from the Bank of America account number ending in 6055 belonging to Latest Technology International on May 25, 2007. That warrant was secured two calendar days beyond the 90 days limit specified for the filing of such complaint by the agency responsible.

For reasons and argument supported by law and statutes as set above, Plaintiff respectfully requests that the court deny defendant's motion to dismiss Plaintiff's complaint; and also deny a change of venue to the Eastern District of Michigan Court.

Respectfully Submitted,

Hadiza I. Wada
4705 Rocky Spring Lane
Bowie MD 20715
301.809.2898

CERTIFICATE OF SERVICE

I certify that a copy of the above motion was dispatched by first class mail on the 13th day
of July to:


Barry Wiegand
Assistant United States Attorney
DC Bar # 424288
555 4th Street N.W.
Washington D.C. 20530
202.307.0299 Ph
202.514.8707 Fax

*Hadiza Wada  7-13-07*

Hadiza I. Wada
4705 Rocky Spring Lane
Bowie MD
301.809.2898

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | |
|---|---|
| HADIZA I. WADA | ) |
| Plaintiff | ) |
| | ) |
| V. | ) CIVIL ACTION NO. 07-cv-0042 (CKK) |
| THE UNITED STATES SECRET SERVICE | ) |
| et al. | ) |
| Defendant | ) |
| | ) |

## ORDER

Upon consideration of Plaintiff's motion and argument in support of denying the

Defendant, the United States Secret Service's motion to Dismiss and or change Venue, it

is today the _____ day of July, 2007

ORDERED that Plaintiff's motion be granted


_____

COLLEEN KOLLAR - KOTELLY
United States District Judge

11

Bank of America

FSC11001                              ADVICE OF DEBIT
                                          REFERENCE #: NBKY41430515


AMOUNT: $          354,144.44          DATE: 12/01/06
ACCOUNT NUMBER: **********6055
GARNISHMENT


                                       PREPARED BY: NBKYVJ1
                       CO NO: 0075   COST CENTER: 0006143


THIS IS YOUR ONLY COPY. PLEASE RETAIN THIS INFORMATION FOR USE IN RECONCILING YOUR ACCOUNT.


Bank of America

FSC11001                              ADVICE OF DEBIT
                                          REFERENCE #: NBKY41430514


AMOUNT: $          100.00              DATE: 12/01/06
ACCOUNT NUMBER: **********6055
GARNISHMENT FEE


                                       PREPARED BY: NBKYVJ1
                       CO NO: 0075   COST CENTER: 0006143


THIS IS YOUR ONLY COPY. PLEASE RETAIN THIS INFORMATION FOR USE IN RECONCILING YOUR ACCOUNT.


Ex. 1



**U.S. Department of Homeland Security**
# UNITED STATES SECRET SERVICE

January 25, 2007

Hazida Isa Wada
4705 Rockey Spring Lane
Bowie, MD 20715

RE:     Seizure of Property

Agency Case Number    : 205-813-71309-S
Seizure Number        : 205-2007-001
Asset Identification  : 205-2007-001-0001
Asset Description     : Bank of America Account #004468376055 in
                        the Name of Latest Technology/ Hadiza Wada
Asset Value           : $354,144.44

Dear Mr. Wada:

On 12/01/2006 at Bowie, MD, the property described above was seized by the United States Secret Service (USSS) for forfeiture from Hazida Isa Wada. The property was used in or acquired in violation of Title 18 USC 1343 and is subject to forfeiture pursuant to 18 USC 981.

You may contest the seizure and forfeiture of the property in United States District Court by filing a Claim or you may agree to the forfeiture of the property and petition the U.S. Secret Service for return of the property or your interest in the property through the administrative process by filing a Petition for Remission or Mitigation.

## To Contest the Forfeiture

If you disagree with the Secret Service's claim that the property is subject to forfeiture and want the case tried in U.S. District Court, you must file a Claim of Ownership with the U.S. Secret Service by March 01, 2007.

The Claim of Ownership must:

1. Identify specific property claimed;
2. State the claimant's interest in the property;
3. Provide documentary evidence of the claimant's interest, if available;
4. State that the claim is not frivolous; and
5. Be signed and made under oath subject to penalty of perjury.

EX. 2

1

As stated above, the person alleging an interest in the property must swear to the Claim of Ownership under penalty of perjury. For your ready reference, the acceptable language required by statute is as follows:

I declare, (or certify, or verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed On                          Sworn Date
                                     Party Signature

Unsupported submissions signed by attorneys are insufficient to satisfy the requirement that claims be personally executed. A Claim of Ownership form is enclosed for your convenience. Claims of Ownership must be submitted to the address indicated below.

## To Request Remission or Mitigation of Forfeiture

If you agree with the Secret Services claim that the property is subject to forfeiture but wish to have the Secret Service, through the administrative process, determine whether to remit (return the property or value thereof) or mitigate (return the property or value thereof upon imposition of a penalty) the forfeiture, you must submit a Petition for Remission or Mitigation of Forfeiture to the address indicated below.

The petition must include proof of your interest in the property supported by bills of sale, contracts, mortgages, or other satisfactory documentary evidence and must include the facts and circumstances that you believe justify remission or mitigation of forfeiture.

In order to obtain remission or mitigation of the forfeiture, the petitioner must satisfactorily establish the following:

1. With respect to a property interest in existence at the time that the illegal conduct giving rise to forfeiture took place, a petitioner must establish the following:
   a. a legally cognizable property interest in the seized property; and
   b. no knowledge of the conduct giving rise to the forfeiture; or
   c. upon learning of the conduct giving rise to the forfeiture, the petitioner did all that reasonably could be expected under the circumstances to terminate such use of the property.
2. With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, a petition must establish:
   a. a legally cognizable property interest in the seized property;
   b. at the time the property interest was acquired, that the petitioner was a bona fide purchaser or seller for value; and
   c. that the petitioner did not know and was reasonably without cause to believe that the property was subject to forfeiture.

2.

3.  A petitioner who cannot establish a property interest in the property, may obtain remission or mitigation of the forfeiture if the petition established that:
    a.  the petitioner is a victim of the offense giving rise to the forfeiture action;
    b.  the petitioner had no knowledge of or was not willfully blind to the violation giving rise to the forfeiture action; and
    c.  the petitioner did all that reasonably could be expected under the circumstances to prevent the activity giving rise to the forfeiture or the illegal use of the property.

The petition should be filed within thirty-five (35) days of the date of this letter.

## Release of Property to Avoid Substantial Hardship

If you chose to contest the forfeiture and file a Claim of Ownership as set forth above, you may be entitled to immediate release of the seized property if:

1.  You have a possessory interest in the property;
2.  You have sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
3.  You show that the continued possession by the Government pending the final disposition of forfeiture proceedings will cause you substantial hardship;
4.  You show that your likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to you during the pendancy of the proceedings;
5.  The property is not contraband, evidence of a violation of a law, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business that has been seized;
6.  The property is not, by reason of design or other characteristic, particularly suited for use in illegal activities;
7.  The property is not likely to be used to commit additional criminal acts if returned to you.

A claimant seeking release of property must file a request for Possession of the Property with the Deputy Assistant Director, Office of Investigations, United States Secret Service at the address indicated below.  A request for Possession of the Property must set forth the basis on which the requirements listed above are met.

If not later than fifteen days after receipt of a request for Possession of the Property by the United States Secret Service, the property is not released; the claimant may file a petition for release of the property in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.

Please ensure that any correspondence regarding this matter references the Seizure Number provided above.

All documents should be submitted to the following address via FEDEx, DHL, UPS, Airborne, etc.

United States Secret Service
Communications Center – CID/AFS
245 Murray Drive, S.W.
Building #410
Washington, DC 20223

If you have any questions regarding this matter, please contact the Asset Forfeiture Section at (202) 406-5327 by March 01, 2007.

Sincerely,

Stephen G. Howerter
Assistant to the Special Agent In Charge
Criminal Investigative Division

Approved by:
Craig D. Magaw
Special Agent in Charge
Criminal Investigative Division

Attachments

4.

*United States District Court*

### EASTERN DISTRICT OF MICHIGAN

In the Matter of the Seizure of

**All Funds on Deposit in Bank of America
Account Number 004468376055**

**SEIZURE WARRANT
CASE NUMBER**

**HONORABLE 06X51106
VICTORIA A. ROBERTS**

TO: Agents of the United States Secret Service and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent, Marisella Shaw, who has reason to believe that there is now certain property which is subject to forfeiture to the United States, namely

**All Funds on Deposit in Bank of America Account Number 004468376055**

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the property so described is subject to seizure within the Eastern District of Michigan or within any district where the subject property may be found, and that grounds exist for the issuance of this seizure warrant.
The Institution upon which this Warrant is served shall freeze and thereby preserve the status quo of the contents of these accounts, Certificates of Deposit, or other such instruments, and shall freeze any proceeds of these accounts or instruments until directed otherwise by the United States Secret Service.

**YOU ARE HEREBY COMMANDED** to seize within 10 days the property specified, serving this warrant and making the seizure (in the daytime 6:00 A.M. to 10:00 P.M.) (at any time in the day or night as I find reasonable cause has been established), leaving a copy of this warrant and receipt for the property seized, and prepare a written inventory of the property seized and promptly return this warrant to_____duty_____ as required by law.

U. S. Magistrate Judge

**DEC 0 1 2006**
_____
Date/Time Issued

at      Detroit, Michigan
_____

VIRGINIA M. MORGAN

**Virginia M. Morgan**
U.S. Magistrate Judge

_____
Signature of Judicial Officer

A TRUE COPY
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
BY_____
DEPUTY CLERK

**EX. 3**

**Mr. And Mrs. Isa Wada**
**4705 Rocky Spring Lane**
**Bowie, MD 20715**
**June 25, 2005**

**By Certified Mail**
**Internal Revenue Service**
**P. O. Box 331**
**DP S- 623 Unit 5385**
**Bensalem, PA 19020**

**Internal Revenue Service**
**Philadelphia IRS Center**
**Philadelphia, PA 19255-00221**

**Internal Revenue Service**
**Atlanta Service Center**
**Atlanta, GA 39901-0025**

## TO WHOM IT MAY CONCERN: PENNSYLVANIA AND GEORGIA OFFICES

This letter is in response to the various correspondences from the Internal Revenue Service regarding Audits for the years ending 2001 through 2003. I have held conversations with IRS representatives who indicated that this situation would be resolved. However, it is becoming very difficult for us to believe that the IRS has not targeted this family. The following list of correspondences represents the numerous letters, for different tax years that we have received from the IRS within just a period of one year.

### LIST OF CORRESPONDENCE

| DATED | IRS CONTACT ID # | ISSUING OFFICE | AMOUNT | YEAR |
|---|---|---|---|---|
| 1. March 31, 2004 | 28-53035 | Bensalem PA 19020 | 4,046.76 | 2001 |
| 2. May 10, 2004 | 250370 | Atlanta GA 39901 | 3,198.00 | 2003 |
| 3. August 30, 2004 | 55031-0639 CP-2000 | Philadelphia PA | 1,897 | 2002 |
| 4. December 27, 2004 | CP504 | Atlanta GA 39901 | 2,108 | 2002 |
| 5. January 3, 2005 | CP22E | Atlanta GA 39901 | 6,886.90 | 2001 |
| 6. April 4, 2005 | CP504 | Atlanta GA 39901 | 7,050 | 2001 |

**EX. 4**

1.

We have always filed our taxes, and on time. Taxes have always been withheld from our salaries. We have consistently met our obligations, whether we owe taxes or not.

During the past year we started receiving correspondence from IRS and began working with a representative, and our tax preparer to resolve the issue. The first letters we received provided a contact person, Ms. Janice Tull-Kane who explained what was required of us. Our tax preparer identified what needed to be sent to the IRS to verify our claim. We faxed the required documents to Ms. Tull-Kane at the number provided (215) 516-1335. When subsequent notices came, they had no contact person listed, so we began dealing with whoever answered the phone.

We have voiced our concerns many times about being audited so frequently. We worked diligently to resolve the issues on the first notice. Subsequently, we kept receiving audit notices for different years, therefore, began questioning the IRS claim that their audits are random. Each time we spoke with IRS personnel, the officials told us that they too are confused with this issue because different offices sent these letters; they would have to send the paperwork to the appropriate IRS location. We were constantly assured that the paperwork would be forwarded to the division or office that could take care of the situation. We were asked to wait for the resolution of the situation in an upcoming correspondence. But as we were made to understand from yesterday's conversation, the situation has not been resolved.

It appears that the IRS is being used as part of a campaign to commit financial harassment against this family. I have to convey that to you firmly, because this issue may be brought before the U.S. District Court. Since exercising my constitutional rights to file a Civil Rights claim against an agency of the federal government, I, the primary breadwinner for this family, have been financially harassed. First, I was fired from my job, the final lump sum payment was withheld to cause financial hardship for me and my family, my unemployment benefits were withheld for months, and my retirement benefits were withheld for six months without just cause. It took strongly- worded letters from the Office of Personnel Management, and efforts of a local federal workers employee union to reverse these issues and get these monies paid.

The IRS was also busy during that time sending audits for different tax years. Whenever we call for a particular audit, the official who answered would claim ignorance of other audits, and promise to send the paperwork to the appropriate office to be resolved. We called yesterday to set up a payment plan for last year's (2004) taxes, but the IRS refused to set up a payment plan for last year, and quoted some outrageous figure they claim we owe. That means they have not yet resolved the issue.

Even with all the additional psychological torment and financial harassment that my family and I have gone through this past year, we have patiently tried to work with the IRS. It seems that we have no option left but to officially list the IRS as part of this campaign of financial harassment in the civil rights issue now before the United States District Court for the District of Columbia.

2.

We are sending the correspondence to the issuing offices, with the understanding that they will work with us to provide a uniform resolution.

We await an immediate response from the Internal Revenue Service.

Sincerely,

Isa Wada                6/25/05                Hadiza Wada        6/25/05
_____             _____
Isa Wada          Date                Hadiza Wada          Date


CC:    Judge Colleen Kollar-Kotelly
       United States District Court
       Washington, DC

CC:    The Director,
       IBB, Office of Civil Rights
       330 Independence Avenue
       Washington DC 20237

CC:    AFGE LOCAL 1812
       Washington, DC

3

IRS Department of the Treasury
Internal Revenue Service
Case 1:07-cv-00442-CKK    Document 20-2    Filed 07/16/2007    Page 10 of 34

PHILADELPHIA  PA   19255-0025

In reply refer to:  0545527667
June 24, 2005  LTR 2645C
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  200112 30 000
                               00313
                        BODC: WI

ISA & HADIZA I WADA
4705 ROCKY SPRING LA
BOWIE  MD  20715-1023054

02437

Taxpayer Identification Number: 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
Tax Period(s): Dec. 31, 2001

Dear Taxpayer:

Thank you for your correspondence received Jan. 24, 2005.

We haven't resolved this matter because we haven't completed all the
research necessary for a complete response.  We will contact you
again within 30 days to let you know what action we are taking.  You
don't need to do anything further now on this matter.

If you have any questions, please call us toll free at 1-800-829-0922.

If you prefer, you may write to us at the address shown at the top
of the first page of this letter.

Whenever you write, please include this letter with your telephone
number and the hours we can reach you entered in the spaces provided
below.  You may want to keep a copy of this letter for your records.

Your telephone number (____)_____  Hours _____

We apologize for any inconvenience we may have caused you, and thank
you for your cooperation.

                              Sincerely yours,

                              Nancy J. Aiello
                              A/Field Dir., Accounts Management

4

Mr. & Mrs. Isa Wada
4705 Rocky Spring Lane
Bowie MD 20715

September 21, 2005

Nancy J. Ajiello
Assistant Field Director, Accounts Management
Internal Revenue Service
Philadelphia PA 19255.

Dear Ms. Ajiello,

## RE: RESOLUTION OF VARIOUS TAX AUDITS

In June 2005, a day after mailing a letter by priority mail to your office, we received your response to our inquiry in which we asked for an explanation regarding the various audits that the IRS is conducting, (please see enclosed copies). Your response to our correspondence in which you curiously stated you received since January 24, 2005, (also enclosed) indicated that "we would be contacted within 30 days regarding the action that the IRS would take, and at this time, we didn't need to do anything further on this matter."

1. To date, we have not received a follow-up letter of explanation and would like to know the status of your audits. Meanwhile, we have received another 2001 audit notice from the Philadelphia, PA office.

**The letter is problematic, as outlined below:**

   a) It ignores the fact that we have worked with your agent Janice Tull-Kane for an earlier resolution of this situation.

   b) It is not actionable because it states that we have 90 to 150 days after the date of the letter to submit an appeal, however, the letter is backdated to August 4, 2004, therefore, the time period to submit an appeal has been exceeded.

   c) We have also learned that if the appeal process was available to us, not only would we have to appeal the penalty but the additional penalties assessed by the IRS because consideration was not given to past correspondence, including documents that we previously submitted to Ms. Tull-Kane.

EX. 5

1

In short, the matter remains unresolved. Meanwhile, the IRS has made it impossible for us to do anything as all correspondence including the letter signed by you are backdated. Neither are we able to set up a payment plan for the 2004 tax season, because IRS agents told us the matter has to be resolved first.

We would appreciate an expedited resolution of this situation, and await your response.

Sincerely,


_____
Isa Wada

_____
Hadiza Wada


CC:  Judge Colleen Kollar – Kotelly
     U.S. District Court for the District of Columbia
     333 Constitution Avenue
     Washington, DC


2.

Department of Treasury
**Internal Revenue Service**
Philadelphia, Pa, 19255

**Letter Number:** 3219(SC/CG)
**Letter Date:** AUGUST 4, 2004

**Taxpayer Identification Number 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**

**Tax Form:** 1040
Tax Year Ended and Deficiency

DECEMBER 31, 2001   $5,133.00

Contact Person: J EWERT
**Contact Telephone Number**
(866) 583-3251
(TOLL FREE NUMBER)
**Hours to Call:** 7:00 AM TO 7:00 PM

**Last Date to Petition Tax Court:**
NOVEMBER 1, 2004-

**Penalties/Additions to Tax**

IRC SECTION 6662 $1,026.60

ISA & HADIZA I WADA
8538 MYRTLE AVE
BOWIE, MD 20715-1023

Dear Taxpayer·

We have determined that there is a deficiency (increase) in your income tax as shown above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.

If you want to contest this determination in court before making any payment, you have until the **LAST DATE TO PETITION TAX COURT** (90 days from the date of this letter or 150 days if the letter is addressed to you outside the United States) to file a petition with the United States Tax Court for a re-determination of the amount of your tax. You can get a petition form and the rules for filing a petition from the Tax Court. You should file the petition with the **United States Tax Court, 400 Second Street NW, Washington D.C. 20217.** Attach a copy of this letter to the petition.

The time in which you must file a petition with the court (90 days or 150 days as the case may be) is fixed by law and the Court cannot consider your case if the petition is filed late. As required by law, separate notices are sent to spouses. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

The Tax Court has a simplified procedure for small tax cases when the amount in dispute is $50,000 or less for any one tax year. You can also get information about this procedure, as well as a petition form you can use, by writing to the Clerk of the United States Tax Court at 400 Second Street, NW. Washington, D.C. 20217. You should write promptly if you intend to file a petition with the Tax Court.

If you decide *not* to file a petition with the Tax Court, please sign and return the enclosed waiver form to us. This will permit us to assess the deficiency quickly and will limit the accumulation of interest. We've enclosed an envelope you can use. If you decide not to sign and return the waiver and you do not petition the Tax Court, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

3

| **FORM 5564**(Rev. June 1992) | Department of the Treasury – Internal Revenue Service<br>**NOTICE OF DEFICIENCY – WAIVER** | Symbols<br>PHILADELPHIA<br>STOP  S 623 |

Name and Address of Taxpayer (s)

AUGUST 4, 2004<br>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

ISA & HADIZA I WADA
8538 MYRTLE AVE
BOWIE,MD20715-1023

---

**Kind of Tax**

☐ Copy to Authorized Representative

INDIVIDUAL INCOME

| **Tax Year Ended:** | **DEFICIENCY** |
| --- | --- |
| DECEMBER 31,2001 | **Increase in Tax: $5,133.00** |
| | IRC SECTION  6662  $1,026.60 |

---

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest. Also, I waive the requirement under section 6532(a)(1) of the Internal Revenue Code that a notice of claim disallowance be sent to me by certified mail for any over-payment shown on the attached report.

I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

| **Signature** | Signature | | Date |
| --- | --- | --- | --- |
| | Signature | | Date |
| | By | Title | Date |

**Note:** If you consent to the assessment of the deficiencies shown in this waiver, please sign and return this form to limit the interest charge and expedite our bill to you. Please do not sign and return any prior notices you may have received. Your consent signature is required on this waiver, even if fully paid.

Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are so entitled; nor prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for such action if you later file a claim and the Service disallows it, you may file suit for refund in a District Court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign:** If you filed jointly, both you and your spouse must sign. Your attorney or agent may sign this waiver provided that action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

If this waiver is signed by a person acting in a fiduciary capacity (for example, and executor, administrator, or a trustee), Form 56, Notice Concerning Fiduciary Relationship should, unless previously filed, accompany this form.

4

**If you agree, please sign and return this form; keep one copy for your records.**

**Form 5564** (Rev. 6-92)

If you have questions about this letter, you may call the Contact Person whose name and telephone number are shown in the heading of this letter. If this number is outside your calling area, there will be a long distance charge to you. If you prefer, you can call the Internal Revenue Service (IRS) telephone number listed in your local directory. An IRS employee there may be able to help you, but the office at the address shown on this letter is most familiar with your case.

When you send the information we requested, or if you write to us with questions about this letter, please provide your telephone number and the best time to call you if we need more information. Please attach this letter to your correspondence to help us identify your case. Keep the copy for your records.

The person whose name and telephone number are shown in the heading of this letter can access your tax information and help get you answers. You also have the right to contact the Taxpayer Advocate. You can call 1-877-777-4778 and ask for Taxpayer Advocate Assistance. Or you can contact the Taxpayer Advocate for the IRS office that issued this Notice of Deficiency by calling (215) 516-2499, or writing to:

> PHILADELPHIA SEVICE CENTER
> TAXPAYER ADVOCATE
> P.O. BOX 16053, DP #1300
> PHILADELPHIA, PA 19114

Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the United States Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling.

Thank you for your cooperation.

Sincerely,

Commissioner
By

*Deborah Reilly*

DEBORAH REILLY
DIRECTOR, PHILADELPHIA
COMPLIANCE CENTER

Enclosures: Copy of this letter
　　　　　 Waiver
　　　　　 Envelope

5

Cat. No. 27500P                    Letter 3219(SC/CG) (08-1999)

Form 668-W
(Rev. January 2001)

Taxpayer's Copy of Notice of Levy

DATE: 09/09/2005

REPLY TO:
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

| | | | TELEPHONE NUMBER OF IRS OFFICE: | SEQNUM | 00506 |
|---|---|---|---|---|---|
| | | | TOLL FREE | 1-900-929-7650 | |
| | | | WI | | |

S          94-1347393

TO:

ISA & HADIZA WADA
4705 ROCKY SPRING LA
BOWIE MD 20715-1023054

WELLS FARGO BANK N A
SIXTH AND MARQUETTE P6103 05B
MINNEAPOLIS MN          55479-0001054

IDENTIFYING NUMBER(S):
WADA & 01                    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
                             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

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12-31-2001 | $ 6,886.90 | $ 692.38 | $ 7,579.28 |
| 1040 | 12-31-2002 | $ 2,056.64 | $ 293.39 | $ 2,350.03 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUAL RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ——————————▶

Total Amount Due ▶          $ 9,929.31

We figured the interest and late payment penalty to _____ 10-11-2005 _____

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, saving and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order ) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

EX. 6    1.

| Signature of Service Representative | Title |
|---|---|
| | Operations Manager, Collection |

FORM 8519 (Rev. 01-01)  635193R

Excerpts from the Internal Revenue Code

\* \* \* \* \* \* \* \* \*

### SEC. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property -- The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e) a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures -- Whenever any property or rights to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may thereafter, and as often as may be necessary, proceed to levy in the like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

### SEC. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement -- Except as otherwise provided in subsections (b) and (c), any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(b) Special Rule for Life Insurance and Endowment Contracts

(1) In general -- A levy on an organization with respect to a life insurance or endowment contract issued by such organization shall, without necessity for the surrender of the contract document, constitute a demand by the Secretary for payment of the amount described in paragraph (2) and the exercise of the right of the person against whom the tax is assessed to the advance of such amount. Such organization shall pay over such amount 90 days after service of notice of levy. Such notice shall include a certification by the Secretary that a copy of such notice has been mailed to the person against whom the tax is assessed at his last known address.

(2) Satisfaction of levy -- Such levy shall be deemed to be satisfied if such organization pays over to the Secretary the amount which the person against whom the tax is assessed could have had advanced to him by such organization on the date prescribed in paragraph (1) for the satisfaction of such levy, increased by the amount of any advance (including contractual interest thereon) made to such person on or after the date such organization had actual notice or knowledge (within the meaning of section 6323 (i)(1)) of the existence of the lien with respect to which such levy is made, other than an advance (including contractual interest thereon) made automatically to maintain such contract in force under an agreement entered into before such organization had such notice or knowledge.

(3) Enforcement proceedings -- The satisfaction of a levy under paragraph (2) shall be without prejudice to any civil action for the enforcement of any lien imposed by this title with respect to such contract.

(c) Special Rule for Banks -- Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

(d) Enforcement of Levy

(1) Extent of personal liability -- Any person who fails or refuses to surrender any property or rights to property subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation -- In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property, without reasonable cause, refuses to surrender such property without reasonable cause, such person shall be liable to a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy -- Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

### SEC. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or

### SEC. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release --

(1) In general -- Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all or part of the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if --

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,

(B) release of such levy will facilitate the collection of such liability,

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property -- In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy -- The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property -- If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return --
(1) the specific property levied upon,
(2) an amount of money equal to the amount of money levied upon, or
(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) RETURN OF PROPERTY IN CERTAIN CASES, -- IF --
(1) any property has been levied upon, and
(2) the Secretary determines that --
(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
(C) the return of such property will facilitate the collection of the tax liability, or
(D) with the consent of the taxpayer or the Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the Taxpayer Advocate) and the United States,
the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed.

\* \* \* \* \* \* \* \*

### Applicable Sections of Internal Revenue Code

| 6321. | LIEN FOR TAXES. |
|---|---|
| 6322. | PERIOD OF LIEN. |
| 6325. | RELEASE OF LIEN OR DISCHARGE OF PROPERTY. |
| 6331. | LEVY AND DISTRAINT. |
| 6332. | SURRENDER OF PROPERTY SUBJECT TO LEVY. |
| 6333. | PRODUCTION OF BOOKS. |
| 6334. | PROPERTY EXEMPT FROM LEVY. |
| 6343. | AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY. |
| 7426. | CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS. |
| 7429. | REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES. |

For more information about this notice, please call the phone number on the front of this form.

2

FORM 8519 (Rev. 10-96) 63518R

 Department of the Treasury
**Internal Revenue Service**
ATLANTA, GA   39901-0030

023968      200112 WI

Notice Number: CP 521
Notice Date:  12-07-2005
SSN/EIN:   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
Caller ID:   225529

171319.215898.0654.016 1 AT 0.292 844



ISA & HADIZA I WADA
4705 ROCKY SPRING LA
BOWIE MD   20715-1023054

171319



*514881196101*

# Monthly Statement

This is a reminder that your next payment of **$350.00** is due on 12-20-2005

| Form: | 1040 | 1040 | 1040 | Liabilities |
|---|---|---|---|---|
| Tax Period: | 12-31-2001 | 12-31-2002 | 12-31-2004 | not shown: |
| **Current Balance:** | $7,425.50 | $2,433.35 | $10,476.46 | |
| Includes: | | | | $0.00 |
| Penalty: | $484.13 | | | |
| Interest: | $404.47 | $231.01 | $266.27 | $0.00 |
| Last Payment: | $350.00 | $145.70 | $347.24 | $0.00 |

Note: Penalty and Interest totals are cumulative, and are calculated to the Due Date shown above. For information on your penalty and interest computations, you may call **1-800-829-0922**

All installment agreement payments will be applied to the oldest tax owed, then penalties, then interest. If you have any new or additional taxes that become due during the term of this agreement, you must pay them in full and on time. If necessary adjust your withholding or estimated tax payments to cover your tax this year. New or additional taxes that become due and are not paid will default or terminate this agreement. If this agreement defaults or is terminated for any reason, an additional user fee will be charged.

S- Questions?  Call us at   **1-800-829-0922**

EX. 7

# Payment Detail
### for July 11, 2005 to July 10, 2006

| Payment Date | Applied Amount | Applied to Tax Form | Tax Period |
|---|---|---|---|
| 11/15/2005 | $ 350.00- | 1040 | 12/31/2001 |
| 12/19/2005 | $ 307.00- | 1040 | 12/31/2001 |
| 02/15/2006 | $ 7,235.99- | 1040 | 12/31/2001 |
| 04/20/2006 | $ 350.00- | 1040 | 12/31/2004 |
| 05/04/2006 | $ 150.00- | 1040 | 12/31/2004 |
| 06/17/2006 | $ 150.00- | 1040 | 12/31/2004 |

51329

| Total Payments | $ 8,542.99- | | |

- Payments received after June 26, 2006 may not appear on this statement, but will be shown on your next annual statement.

- If you think we missed giving you credit for a payment, please call 1-800-829-0922 and we will be glad to resolve any discrepancies.

EX. 8

EXHIBIT E

FLORIDA RESIDENCE

United States

# Office of
# Personnel Management

Retirement Operations Center
PO Box 45
Boyers, Pennsylvania 16017

*3Rd Request 2-10 05*

*2nd request 12/20/04*

November 19, 2004
R: 06-06-1959

US DEPT OF STATE
U.S. DOS FSC/C
PO BOX 150008 (ATTN: DIANE COSTA)
CHARLESTON SC 29415

Dear Payroll:

We have received an application regarding Hadiza I. Wada, Social Security number 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 and date of birth 06-06-1959. We have no Standard Form 3100 on file for the periods of service shown below. Please check your records and respond within 15 days so that we may process the application.

**Delays in your submitting this document may result in financial hardship to the individual whose records are missing.**

Service in connection with refund.

Position: Int. Radio Broadcaster          Other Names Used:  N/A

Period(s) of service for which the Standard Form 3100 is requested:

| Beginning Date | Ending Date | Department or Agency | Location |
|----------------|-------------|----------------------|----------|
| 01-04-1999 | 09-10-2004 | STATE | Washington DC |

Please attach this form to the Standard Form 3100, Individual Retirement Record, and return it to us at the following address:

Office of Personnel Management
Retirement Operations Center
PO Box 45
Boyers, PA 16017

EX. 9



State of Maryland
**Department of Assessments and Taxation**

Charter Division

Robert L. Ehrlich, Jr.
*Governor*

C. John Sullivan, Jr.
*Director*

Paul B. Anderson
*Administrator*

HADIZA ISA WADA
4705 ROCKY SPRING LN
BOWIE          MD 20715-1023

Date: 06/23/2005

This letter is to confirm acceptance of the following filing:

```
TRADE NAME        : LATEST TECHNOLOGY INTERNATIONAL
DEPARTMENT ID     : T00226390
TYPE OF REQUEST   : TRADE NAME REGISTRATION
DATE FILED        : 06-23-2005
TIME FILED        : 03:34-PM
RECORDING FEE     :            25.00
EXPEDITED FEE:. . :            50.00
FILING NUMBER     : 1000361991532957
CUSTOMER ID       : 0001632137
WORK ORDER NUMBER : 0001075175
```

PLEASE VERIFY THE INFORMATION CONTAINED IN THIS LETTER. NOTIFY THIS DEPARTMENT
IN WRITING IF ANY INFORMATION IS INCORRECT. INCLUDE THE CUSTOMER ID AND THE WORK
ORDER NUMBER ON ANY INQUIRIES.

Charter Division
Baltimore metro area (410)767-1350
Outside metro area (888)246-5941

*301 West Preston Street-Room 801-Baltimore, Maryland 21201-2395*
*Toll free in Maryland (888)246-5941*
*MRS (Maryland Relay Service) (800)735-2258 TT/Voice- Fax (410)333-7097*
*Website: www.dat.state.md.us*

0003460157          **EX·10**

chtacc  1·

# TRADE NAME APPROVAL SHEET
## ** EXPEDITED SERVICE **         ** KEEP WITH DOCUMENT **

\# _____

A: ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

1000361991532957

## TRANSACTION TYPE          FEES REMITTED

25.00

TN - Trade Name Registration
TA - Amendment                    _____
TA1 - Amendment Owner Added       _____
TA2 - Amendment Owner Deleted     _____
TA3 - Amendment Owner Name Change _____
TA4 - Amendment Location Added    _____
TA5 - Amendment Location Deleted  _____
TA6 - Amendment Location Changed  _____
TC - Cancellation                 _____
TR - Renewal                      _____

Expedited Fee                     50.00

ID # T00226390 ACK # 1000361991532957
LIBER: B00820 FOLIO: 0913 PAGES: 0002
LATEST TECHNOLOGY INTERNATIONAL

06/23/2005   AT 03:34 P WO # 0001075175

_____ Certified Copies

Copy Fee: _____          _____ Other Change(s)

_____ Certificates

Certificate of Fact Fee: _____          _____

TOTAL FEES: 75.00          _____

## NO FEE TRANSACTION TYPES          _____

99T - Departmental Action
99TA - Departmental Action - Name Change          Code _____
220T - Void Non-Payment
220TA - Departmental Action - Amendment          Attention: _____
220TA1 - Departmental Action - Owner Added
220TA2 - Departmental Action - Owner Deleted          Mail to Address:
220TA3 - Departmental Action - Owner Name Change
220TA4 - Departmental Action - Location Added
220TA5 - Departmental Action - Location Deleted

HADIZA ISA WADA
4705 ROCKY SPRING LN
BOWIE
                    MD 20715-1023

redit Card _____   Check _____   Cash _____

_____ Documents on _____ Checks

pproved By: _____

yed By: _____

MMENT(S):

CUST ID:0001832137
WORK ORDER:0001075175
DATE:06-23-2005 03:34 PM
AMT. PAID:$75.00

2



**COMPTROLLER** *of* **MARYLAND**
*Serving the People*

William Donald Schaefer
*Comptroller*

James M. Arnie
*Director*
*Revenue Administration Division*

WADA HADIZA ISA
3540 CRAIN HIGHWAY
P O BOX 423
BOWIE, MD 20716

DATE: 12/07/2006

Dear Maryland Merchant:

I am pleased to enclose your new sales and use tax license that authorizes you to collect Maryland sales tax. This license should be prominently displayed so that the public can easily see it. Please verify that the information recorded on the license is accurate. If corrections are necessary, please call 410-767-1300 from Central Maryland or toll free 1-800-492-1751.

I hope your new business venture will be successful and rewarding. If the Comptroller's office could provide any assistance or information to ensure its success, please contact us by calling the above numbers or by visiting any of our 15 branch offices located throughout the state. You will also find our website at www.marylandtaxes.com. a valuable resource.

Sincerely,

William Donald Schaefer
William Donald Schaefer
Comptroller of Maryland

For the hearing impaired: MRS 1-800-735-2258, TDD 410-767-1967

EX. 11

I.

X

**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
P.O. BOX 9003
HOLTSVILLE NY   11742-9003

001872.345368.0007.001 1 MB 0.326 530

HADIZA ISA   WADA
LATEST TECHNOLOGY INTERNATIONAL
4705 ROCKY SPRING LANE
BOWIE MD   20715-1023

872

Date of this notice:  12-08-2006

Employer Identification Number:
20-5971387

Form:  SS-4

Number of this notice:  CP 575 E

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

### WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN). We assigned you EIN 20-5971387. This EIN will identify your business account, tax returns, and documents, even if you have no employees. Please keep this notice in your permanent records.

When filing tax documents, please use the label we provided. If this isn't possible, it is very important that you use your EIN and complete name and address exactly as shown above on all federal tax forms, payments and related correspondence. Any variation may cause a delay in processing, result in incorrect information in your account or even cause you to be assigned more than one EIN. If the information isn't correct as shown above, please correct it using tear off stub from this notice and return it to us so we can correct your account.

To receive a ruling or a determination letter recognizing your organization as tax exempt, you should complete Form 1023 Revision 1024, Application for Recognition of Exemption at:

Internal Revenue Service
PO Box 192
Covington, KY  41012-0192

Publication 557, Tax Exempt for Your Organization, is available at most IRS offices or you can download this Publication from our Web site at www.irs.gov. This Publication has details on how you can apply.

IMPORTANT REMINDERS:

   * Keep a copy of this notice in your permanent records.

   * Use this EIN and your name exactly as they appear above on all your federal tax forms.

   * Refer to this EIN on your tax related correspondence and documents.

If you have questions, you can call or write to us at the phone number or address at the top of the first page of this notice. If you write, please tear off the stub at the end of this notice and send it along with your letter. Thank you for your cooperation.

2.



EX. 12

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Plaintiff,

vs.

BANK OF AMERICA ACCOUNT
NUMBER XXXXXXXX6055 IN THE NAME
OF LATEST TECHNOLOGY INTERNATIONAL
VALUED AT THREE HUNDRED FIFTY FOUR
THOUSAND ONE HUNDRED FORTY FOUR
DOLLARS AND FORTY FOUR CENTS
($354,144.44) IN U.S. CURRENCY,

Defendant *in Rem*.

_____/

Case: 2:07-cv-12269
Assigned To: Steeh, George Caram
Referral Judge: Pepe, Steven D
Filed: 05-25-2007 At 11:46 AM
CMP USA V. BANK OF AMERICA, ET AL (
TAM)

## **COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through STEPHEN

J. MURPHY, United States Attorney for the Eastern District of Michigan, and JULIE A.

BECK, Assistant United States Attorney, and for its Complaint for Forfeiture states as

follows:

1) The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §

1345 as this action is being commenced by the United States of America as Plaintiff.

2) This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. §

1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of

Michigan.

1

**EX. 13**

3) Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Government's claims occurred in the Eastern District of Michigan.

4) Venue is proper before this Court pursuant to 28 U.S.C. § 1395(C), as the defendant *in rem* was seized in Maryland and brought into the Eastern District of Michigan.

5) This is an *in rem* civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(C) as a result of a violation or violations of 18 U.S.C. § 1343.

## DEFENDANTS -IN-REM

6) The defendant-in-rem consists of Bank of America Account Number XXXXXXXX6055 in the name of Latest Technology International valued at Three Hundred Fifty Four Thousand One Hundred Forty Four Dollars and Forty Four Cents ($354,144.44) in U.S. Currency (hereinafter "defendant account").

7) The defendant account was seized by agents of the United States Secret Service ("USSS") and/or participating local law enforcement officers on December 1, 2006 from Bank of America, 6911 Laurel Bowie Road, Bowie, Maryland, Account Number XXXXXXXX6055.

8) There is evidence that the defendant account constitutes proceeds, property of and/or are funds and property that are traceable to and/or are involved in violation(s) of 18 U.S.C. § 1343 (Wire Fraud) and are therefore forfeitable under 18 U.S.C. § 981(a)(1)(C). The evidence supporting this conclusion, includes, but is not limited to, the following:

2

a.   On November 21, 2006 Andrew J. DiMartino, Jr. contacted the USSS, Detroit Field Office and informed an Agent that his son, Andrew J. DiMartino, III was involved in a scam that engaged his son in a wire transfer.

b.   On September 29, 2006, DiMartino III received an email communication from a "Felix Daniel" stating that he was a banker with BIAO Bank in Abidjan Cote d'Ivoire, West Africa and that DiMartino III had inherited 16 million dollars from a deceased relative.

c.   Additional correspondence occurred between DiMartino III and an "Akeem Edwards, Esq." regarding the legality of the inheritance and the fees incurred in order to transfer the monies.

d.   On October 20, 2006, DiMartino III received an email from "Felix Daniel" instructing him to wire $8,275 to pay for the fees for the documentation approval process to one of his clients in Maryland, an international industrialist, who would then transfer the money to Africa.

e.   On October 23, 2006, DiMartino III wired $8,275 from his LaSalle Bank Account to Bank of America account number XXXXXXXX6055 and beneficiary Latest Technology International.

f.   Hadiza Wada is the trade name owner for Latest Technology International since 2005.

g.   On November 2, 2006, DiMartino III received an email from "Jaques Biko" of Biao Bank instructing him to pay additional fees to cover administrative activation charges prior to receiving his 16 million dollars.

h.   DiMartino III sent "Akeem Edwards" of West Africa the following money via Western Union in order to cover additional fees to have his 16 million dollars released:

3

| Date | Amount |
|------|--------|
| 11/3/06 | $820 plus processing fee of $71 |
| 11/6/06 | $800 plus processing fee of $65 |
| 11/7/06 | $1,200 plus processing fee of $83 |
| 11/8/06 | $2,500 plus processing fee of $125 |

i.  DiMartino III has wired approximately $13,595 plus $364 in processing fees in an effort to retrieve the 16 millions dollars. DiMartino III has not yet received 16 million dollars.

j.  In addition to DiMartino III, there have been several other fraud victims identified throughout the United States and Canada, including but not limited to the following:

   1.  On November 13, 2006, Anne Williams of Fort Myers, Florida wired $185,000.00 into Bank of America Account No. XXXXXXXX6055. Williams believed that she was investing her money overseas pursuant to the advice of "Kevin Simone," whom she met on AmericanSingles.com.

   2.  On November 9, 2006, Lorraine Derr of Tucson, Arizona wired $30,000.00 into Bank of America Account No. XXXXXXXX6055 after following the investment advice of "Nathan Welsh" who she met on AmericanSingles.com. Derr incurred a total loss of approximately $123,468.00 after investing in various accounts.

## CLAIM

9) Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 8 above, including the subparagraphs thereunder.

4

10) The defendant account is forfeitable to the United States pursuant to 18 U.S.C. §981(a)(1)(C) as funds and property that are traceable to and/or are involved in violation(s) of 18 U.S.C. § 1343 (Wire Fraud).

## RELIEF

WHEREFORE Plaintiff, the United States of America, respectfully requests that a warrant for the arrest of the defendant-in-rem be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant-in-rem be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney

JULIE BECK
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
[P53291]

Dated: May ___, 2007

5

## **VERIFICATION**

I, MARISELLA SHAW, state that I am a Special Agent with the United States Secret Service. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

DATED: May ___, 2007

Marisella Shaw
Special Agent, USSS

6

**FedEx Express**
**US Airbill**

FedEx Tracking Number: 8604 3462 1090

Sender's Copy

**From** Please print and press hard.

Date: 02·21·07

Sender's FedEx Account Number: 3449-2668-9

Sender's Name: HADIZA WADA    Phone: 240 140 15775

Company: LATEST TECHNOLOGY INTERNATIONAL

Address: 3540 CRAIN HIGHWAY # 423
Dept./Floor/Suite/Room

City: BOWIE    State: MD    ZIP: 20716

**Your Internal Billing Reference**
First 24 characters will appear on invoice.

**To**

Recipient's Name: UNITED STATES SECRET SVC    Phone: (202) 406-5827

Company: COMMUNICATIONS CENTER – CID/AFS

Recipient's Address: 245 MURRAY DRIVE, S. W.
We cannot deliver to P.O. boxes or P.O. ZIP codes.    Dept./Floor/Suite/Room

BUILDING # 410

Address
To request a package be held at a specific FedEx location, print FedEx address here.

City: WASHINGTON    State: DC    ZIP: 20223

**Schedule a pickup at fedex.com**
Simplify your shipping. Manage your account. Access all the tools you need.

**4a Express Package Service** Packages up to 150 lbs.

[X] FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx Standard Overnight
Next business afternoon.*

[ ] FedEx First Overnight
Earliest next business morning delivery to select locations.* Saturday Delivery NOT available.

[ ] FedEx 2Day
Second business day.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx Express Saver
Third business day.*
Saturday Delivery NOT available.

* To most locations.
FedEx Envelope rate not available. Minimum charge: One-pound rate.

**4b Express Freight Service** Packages over 150 lbs.

[ ] FedEx 1Day Freight*
Next business day.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx 2Day Freight
Second business day.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

[ ] FedEx 3Day Freight
Third business day.* Saturday Delivery NOT available.

* Call for Confirmation.    ** To most locations.

**5 Packaging** *Declared value limit $500.

[X] FedEx Envelope*

[ ] FedEx Pak*
Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak.

[ ] FedEx Box

[ ] FedEx Tube

[ ] Other

**6 Special Handling**

[ ] SATURDAY Delivery
FedEx Priority Overnight, FedEx Express Saver, or FedEx 3Day Freight.

[ ] HOLD Weekday
at FedEx Location
Available for FedEx Priority Overnight and FedEx First Overnight.

[ ] HOLD Saturday
at FedEx Location
Available for FedEx Priority Overnight and FedEx 2Day to select locations.

Does this shipment contain dangerous goods?

[X] No

[ ] Yes
As per attached Shipper's Declaration.

[ ] Yes
Shipper's Declaration not required.

[ ] Dry Ice
Dry Ice, 9, UN 1845 ___ x ___ kg

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging.    [ ] Cargo Aircraft Only

**7 Payment** Bill to:

Enter FedEx Acct. No. or Credit Card No. below.

[X] Sender
Acct. No. in Section 1 will be billed.

[ ] Recipient

[ ] Third Party

[ ] Credit Card

[ ] Cash/Check

FedEx Acct. No.
Credit Card No.    Exp. Date

Total Packages    Total Weight    Total Declared Value†
$    .00

†Our liability is limited to $100 unless you declare a higher value. See back for details. By using this Airbill you agree to the service conditions on the back of this Airbill and in the current FedEx Service Guide, including terms that limit our liability.    FedEx Use Only

**8 Residential Delivery Signature Options** If you require a signature, check Direct or Indirect.

[ ] No Signature Required
Package may be left without obtaining a signature for delivery.

[X] Direct Signature
Anyone at recipient's address may sign for delivery.

[ ] Indirect Signature
If no one is available at recipient's address, anyone at a neighboring address may sign for delivery.

520

Rev. Date 8/05•Part #158281•©1994–2005 FedEx•PRINTED IN U.S.A. SRY

EX. 14

## Detailed Results

? Quick Help

| | |
|---|---|
| **Tracking number** | 860434621090 |
| **Signed for by** | D.REEVES |
| **Ship date** | Feb 21, 2007 |
| **Delivery date** | Feb 22, 2007 10:17 AM |
| **Status** | Delivered |

| **Delivered to** | |
| **Service type** | Shipping/Receiving Priority Envelope |

| Feb 22, 2007 | 10:17 AM | **Delivered** | |
|---|---|---|---|
| | 9:35 AM | On FedEx vehicle for delivery | WASHINGTON, DC |
| | 8:27 AM | At local FedEx facility | WASHINGTON, DC |
| | 12:42 AM | At dest sort facility | DULLES, VA |
| Feb 21, 2007 | 8:20 PM | Left origin | CROFTON, MD |
| | 8:07 PM | Picked up | CROFTON, MD |

Signature proof        E-mail results        Track more shipments

**Your Name:**                            **Your E-mail Address:**

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | | |
| | English | | |
| | English | | |
| | English | | |

**Select format:**    HTML    Text    Wireless

**Add personal message:**

Not available for Wireless or non-English characters.

By selecting this check box and the Submit button, I agree to these Terms and Conditions

2.

**Bank of America**

November 6, 2006

HADIZA WADA
4705 Rocky Spring Ln
Bowie, MD  20715

Re:    Account Number: XXXXXX 1340
       Account Name: HADIZA WADA

Dear Customer:

The account listed above will be restricted in 7 days and closed within 7 days thereafter. Our Deposit Agreement allows Bank of America to close an account at any time for any reason, without prior notice.  Please do not continue to write checks on the account or make additional deposits.  When an account is restricted, any checks presented for payment will be returned unpaid.  Additionally, your ATM/Check Card is no longer able to access the account.

Bank of America will send you a check for the account balance once the account is closed; the check will be mailed to the address we have on file.  If the account is an interest bearing Savings Account or other interest bearing account, the check will include the interest accrued on the date of closure.  If the account being closed is a Certificate of Deposit or other Time Deposit Account, Bank of America will waive the early withdrawal penalty.

Avoid fees from companies that may automatically debit your account by contacting them to make other arrangements immediately for handling automatic debit or credit transactions.  Please know you are still responsible for any outstanding checks or debits against the account.  If your account becomes overdrawn, a cash payment must be made to Bank of America immediately to bring the account to a zero balance.  If the account becomes overdrawn, we may report the account to ChexSystems, Inc., an account verification service.  This could adversely impact your ability to open an account at other financial institutions for up to five years.

If you have other accounts with Bank of America, you may receive a separate letter from us regarding those accounts.  If you have any questions about this matter, please contact us at the following number.

*1-704-386-8908*

Sincerely,

Bank of America

CACS ID: 52732