**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HADIZA I. WADA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES SECRET SERVICE, | )    Civil No. 07-00442 (CKK) |
| BANK OF AMERICA, and | )    ECF |
| BILL LEONARD, | ) |
|     Defendants. | ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES
SECRET SERVICE'S MOTION TO DISMISS OR TRANSFER VENUE**

*COMES NOW*, the United States of America, by and through its attorney, the United States

Attorney for the District of Columbia, to reply to Plaintiff's Opposition To Defendant United States

Secret Service's Motion To Dismiss Or Transfer Venue. In short, this action does not belong in this

Court: plaintiff is a Maryland resident, and she complains about the seizure of funds from a

Maryland bank account, which was held by her Maryland-registered business. The warrant to seize

the funds issued from a federal court in Michigan, and there now is pending in that Michigan federal

court a forfeiture action involving the same funds. This case has no real connection to the District

of Columbia, so the government properly has moved to dismiss or transfer it. For the reasons stated

below, plaintiff's opposition to such a dismissal or transfer lacks merit.

## I. BACKGROUND.

1.      On December 1, 2006, a judge of the U.S. District Court for the Eastern District of

Michigan issued a warrant to seize All Funds on Deposit in Bank of America ("BOA") Account

Number XXXXXXXX6055. This account was held at a BOA branch in Maryland in the name of

Latest Technology International ("LTI"). LTI appears to be a business that Ms. Hadiza I. Wada

created and registered in Maryland in 2005. A Maryland resident, Ms. Wada is the signatory for

LTI's BOA account and the plaintiff in this *pro se* action.

2.    The Michigan warrant issued on probable cause to believe that LTI's Maryland bank account at BOA had received funds from wire frauds that violated 18 U.S.C. § 1343. When executing this warrant on December 1, 2006, the U.S. Secret Service seized $354,144.44 from LTI's Maryland BOA account. The U.S. Secret Service and BOA are defendants in this action.[1]

3.    Following seizure of the $354,144.14, the U. S. Secret Service began procedures for forfeiting the seized funds from LTI's BOA account through a non-judicial, "administrative" process. In response, Ms. Wada filed on February 26, 2007, a timely claim of ownership to $149,470.00 of these funds. Filing this claim halted forfeiture of the full $354,144.44 by the non-judicial, administrative process. Thereafter, the funds only could be forfeited judicially, and the government had 90 days to file a civil forfeiture action in federal court to do so.

4.    Within this 90-day period, on May 25, 2007, the United States filed in the U.S. District Court for the Eastern District of Michigan a civil action *in rem* for forfeiture of the $354,144.44 seized from LTI's Maryland BOA account on December 1, 2006. No legal challenge has been made to jurisdiction and venue being proper in the Eastern District of Michigan, although on July 2, 2007, Ms. Wada filed *pro se* in that Michigan court a "Claim For Assets Seized From

---

[1] The wire-fraud first came to light when a Michigan resident reported to the U.S. Secret Service in Detroit that his son unlawfully had been induced to send money to LTI's Maryland BOA account, according to a government pleading filed in the Eastern District of Michigan, which is attached to Plaintiff's Opposition, as described below. Nothing suggests that this fraud was committed in the District of Columbia, nor was any victim said to be a District of Columbia resident. A Florida victim wired $185,000 into LTI's BOA account in November 2006, and an Arizona resident sent $30,000 to the account earlier that month.

Bank Of American Account No. XXXXXXXX 6055 of Latest Technology International."[2]

5.    During the same 90-day period, on March 6, 2007, proceeding *pro se*, Ms. Wada filed this case in the U.S. District Court for the District of Columbia, naming as defendants: (1) The U.S. Secret Service; (2) BOA; and, (3) a named BOA employee.  Ms. Wada's *pro se* complaint apparently seeks return of $149,500, which she alleges the LTI business had on deposit at its BOA account in Bowie, Maryland, in November 2006.[3]

6.    On June 19, 2007, the United States moved to dismiss this action or, in the alternative, to transfer it to the U.S. District Court for the Eastern District of Michigan.  The government argued that plaintiff's action could neither be properly brought nor maintained in this Court.  See 18 U.S.C. § 981(c) (seized assets "shall not be repleviable" and are in custody of head of seizing agency, subject only to the orders of court having jurisdiction – here, the U.S. District Court for the Eastern District of Michigan); 18 U.S.C. § 983(f)(3)(A) (if administrative request for return of seized property is unavailing, claimant may only file petition for seized property's return,

---

[2] A copy of the forfeiture complaint filed in the Eastern District of Michigan was attached to the government's motion to dismiss or transfer.  A copy of Ms. Wada's claim in the Michigan forfeiture case is attached to this reply and denominated "Claim" hereafter.  This *pro se* claim asserts that "jurisdictional claims [in Michigan] are arguable and appear to be flimsy at this time."  Claim at 3.  The claim also asserts that venue in Michigan would be inconvenient for a Maryland resident and asks the Michigan federal court to "order that the jurisdiction remain in the District of Columbia and the seized assets . . . be returned to claimant."  Claim at 6.  This argument does not so much argue that jurisdiction and venue are lawfully improper in Michigan, as it contends that claimant finds Michigan an undesirable forum.  Accepting this *arguendo*, even if it did show that Michigan was a poor choice of forum for Ms. Wada, it does not prove that the District of Columbia is a good one.  Rather, taken at face value, the Michigan claim seems to show only that Maryland is a better forum than Michigan, not that the District of Columbia is better than either Maryland or Michigan.

[3] Defendant BOA moved on May 11, 2007, to dismiss plaintiff's complaint with prejudice for failing to state a claim against BOA upon which relief could be granted, citing Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has filed a *pro se* opposition to this motion, BOA has replied, and the motion now is separately ripe.  The named defendant BOA employee has filed no pleadings.

when it is subject of on-going forfeiture proceeding, in district court in which government's forfeiture complaint has been filed, or, if no complaint has been filed, in district court(s) from which seizure warrant issued or in which property was seized); <u>Upshaw</u> v. <u>U.S. Customs Service</u>, 153 F. Supp. 2d 46, 51-52 (D. Mass. 2001) (court has no jurisdiction to review administrative forfeiture until declaration of forfeiture is entered); <u>$8,050.00 in U.S. Currency</u> v. <u>United States</u>, 307 F. Supp. 2d 922, 925 (N.D. Ohio 2004) (once government timely instituted forfeiture proceeding, motion for relief from seizure could no longer be maintained, it should be dismissed, and argument that plaintiff filed first lacks merit).

7.     Further, the government contended that plaintiff's *pro se* action alleged no facts connecting it to this Court.  Therefore, this Court either ought to dismiss this action outright or transfer it to a different, proper venue.  <u>See</u> 28 U.S.C. § 1406(a) (when venue improperly laid, district court shall dismiss case, or if in interest of justice, transfer such case to district where it could have been brought); <u>see also</u> 28 U.S.C. § 1404(a) (in interest of justice and judicial economy, case properly filed in particular jurisdiction may be transferred to another, more convenient, jurisdiction).

## II. <u>ARGUMENT IN REPLY</u>.

8.     Plaintiff's opposition first asserts that she should get the benefit of liberal construction of her *pro se* complaint and "of all favorable inferences that can be drawn from the alleged facts."  <u>See</u> Plaintiff's Opposition To Defendant United States Secret Service's Motion To Dismiss Or Transfer Venue at 1 (hereafter "Plaintiff's Opposition").  Giving plaintiff such a benefit avails her not at all, however.  Plaintiff herself supplied the Court all of the relevant facts: (1) she is a Maryland resident; (2) she registered her business in Maryland; and, (3) the funds were seized from her Maryland business's Maryland bank account.  Plaintiff further agrees that the warrant to

seize the funds in her Maryland business's Maryland bank account issued in a Michigan court.  <u>See</u>
Plaintiff's Opposition at 3 ("questionable action is the apparent deliberate tying of the case to the
Eastern District of Michigan"), 5 ("The Secret Service issued a Warrant dated December 1, 2006,
signed by Victoria A. Roberts, a judge of the United States District Court for the Eastern District
of Michigan").[4]

9.    Plaintiff never has specified what inference she wishes drawn in her favor – other
than to aver baldly that this case is properly in this District of Columbia Court, the myriad Maryland
and Michigan facts notwithstanding.  In her complaint's statement of jurisdiction and venue, plaintiff
never alleged that LTI did business in the District of Columbia.  Instead, plaintiff asserted only that
jurisdiction and venue lay in this Court "because the act upon which the complaint is based, the
confiscation of Plaintiff's business account, was undertaken by a federal agency . . .  The action
however occurred at the Bank of America located" in Bowie, Maryland.  Complaint at 1.  "Plaintiff
also resides in the State of Maryland."  <u>Id</u>.  Plaintiff's complaint next gives 35 numbered statements
under the heading "Facts."  Complaint at 2-8.  Fact 29 alleges that a U.S. Secret Service agent told
Ms. Wada that "he heads Plaintiff's investigation in the Washington DC area." Complaint at 7.  Fact
31 alleges that the Secret Service agent interviewed Ms. Wada at "1100 L Street NW," which
presumably means an address in Washington, D.C.  <u>Id</u>.  No other facts mention Washington, D.C.,
or the District of Columbia.   All other facts in plaintiff's complaint describe actions in Maryland

---

[4] Plaintiff also appears to contend that the government's forfeiture action was untimely filed
in the Eastern District of Michigan.  <u>See</u> Plaintiff's Opposition at 8-9 (contending that 90 days to
file civil forfeiture action started to run on February 21, 2007, when Ms. Wada signed and mailed
her asset claim form, not on February 26, 2007).  Under 18 U.S.C. § 983(a)(3)(A), this contention
has no merit, because the 90 days began with the filing of the claim with the agency, not its mailing
by the claimant.  Regardless, this District of Columbia Court plainly is not the proper place to sort
out the timeliness of a forfeiture action brought in a Michigan court.

or Michigan.

9.      Even more tellingly, plaintiff's opposition pleading never contends that LTI does business in the District of Columbia or has any ties to Washington, D.C.  In her opposition, plaintiff's sole basis for asserting that her case should remain in this Court is that the "seat of the federal government including the United States Secret Service headquarters is located in the District of Columbia."  Plaintiff's Opposition at 7.  "*Plaintiff resides and operates her business within the local D.C. metropolitan area*, where the court is located."  Id. (emphasis added).

10.     Plaintiff's opposition implies that her account only had received wire transfers of about $8725 as a result of fraud.  Plaintiff's Opposition at 4-5.  More precisely, this figure represents the amount wired to LTI's Maryland BOA account by the fraud victim who lived in Michigan.  That victim's father was the first person to report the fraud to the U.S. Secret Service, whose Detroit office then started the investigation leading to the seizure of all the funds in the LTI account on December 1, 2006.  But, the government's Michigan forfeiture complaint alleges that a further $215,000 in wire-fraud proceeds were wired to plaintiff's BOA account in November 2006, $185,000 from a Florida-based victim and $30,000 from an Arizona based victim.  The government's Michigan forfeiture complaint is attached to Plaintiff's opposition, as well as to the earlier motion to dismiss or, in the alternative, to transfer.

11.     Last, plaintiff's opposition relies upon inapposite authority.  See, e.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (allegation that railway employees had been discriminated against racially did state claim upon which relief could be granted). Generally, such authority decided whether claims had been stated upon which relief *could* be granted.  The issue before this Court is not whether relief *could* be granted, but whether here is where it *should* be granted, if any

be due.[5]

12.     Plaintiff cites <u>Greenhill</u> v. <u>Spellings</u>, 375 U.S. App. D.C. 477, 482 F.3d 569, 572 (D.C. Cir. 2007), but it cuts against her opposition. In *dictum*, <u>Greenhill</u> acknowledged that district courts may "consider supplemental material filed by a *pro se* litigant in order to clarify the precise claims being urged." <u>Id</u>. at 572 (internal quotation marks and citation omitted). But, <u>Greenhill</u> upheld a dismissal for want of jurisdiction, when, even under the "liberal pleading standards," for *pro se* complaints, the potential claim lay too deeply buried among countless attachments and impenetrable verbiage. <u>Id</u>. (referring to "at best, two isolated statements in over 100 pages of documents – a *potpourri* of letters, declarations, e-mail exchanges, and the like – that plaintiff attached to the complaint). "Although accompanying documents might clarify an otherwise

---

[5] Similarly, plaintiff's citations to <u>Warth</u> v. <u>Seldin</u>, 422 U.S. 490, 501 (1975), and <u>Swierkiewicz</u> v. <u>Sorema N.A.</u>, 534 U.S. 506, 514 (2002), are good only for points of dictum. The holdings in these cases do not support plaintiff's arguments. For example, <u>Warth</u> upheld dismissal of a complaint for want of standing. <u>See Warth</u>, <u>supra</u>, 422 U.S. at 507 (even assuming plaintiffs' allegations to be true, facts alleged failed to support an actionable causal relationship between defendants' practices and plaintiffs' asserted injury). <u>Swierkiewicz</u> is limited to employment discrimination complaints. <u>See Swierkiewicz</u>, <u>supra</u>, 534 U.S. at 509-510 ("We granted certiorari . . . to resolve a split among the Courts of Appeals concerning the proper pleading standard for employment discrimination cases . . . .").

Although <u>Jenkins</u> v. <u>McKeithen</u>, 395 U.S. 411 (1969), reversed the dismissal of a complaint for lack of standing and failure to state a claim, plaintiff cites a part of the decision that commanded the support only of three justices. <u>Id</u>. at 421-422. In any event, <u>Jenkins</u> decided a due-process challenge to a Louisiana law creating a state commission to investigate and publish "facts relating to violations or possible violations of criminal laws of the state of Louisiana or of the United States arising out of or in connection with matters in the field of labor-management relations . . ." <u>Id</u>. at 414. For either reason, it is not an especially persuasive guide to plaintiff's *pro se* action. The government has not yet challenged plaintiff's standing to bring this action, but rather the decision to bring it in a place where none of the material facts took place. <u>EEOC</u> v. <u>St. Francis Xavier Parochial School</u>, 326 U.S. App. D.C. 67, 117 F.3d 621 (1997), supplies no greater support for plaintiff's opposition, deciding only that the District Court should have assumed that three church entities could be aggregated for jurisdictional purposes and treated as a single employer.

ambiguous complaint, nothing in our case law requires a district court to go on a fishing expedition for new claims." <u>Id</u>. (internal citation omitted).  To mix a metaphor, defendant asserts that plaintiff has no fish to fry anywhere, but if there must be an expedition to look for them, it ought to take place in Lake Michigan or on Maryland's Eastern Shore, not in the Washington channel.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


/s/
William R. Cowden, D.C. Bar No. 426301
Assistant United States Attorney


/s/
Barry Wiegand, D.C. Bar No. 424288
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov (e-mail)
Counsel for United States

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, in addition to service through the Court's Electronic Court Filing (ECF) system, I have caused service of the foregoing Reply To Plaintiff's Opposition To Defendant United States Secret Service's Motion To Dismiss Or Transfer Venue to be made by having a copy of it posted in the U.S. mails in an envelope stamped with postage sufficient for first-class handling and addressed to Ms Hadiza I. Wada, plaintiff *pro se*, 4705 Rocky Spring Lane, Bowie, Maryland 20715 (301) 809-2898, on or before this second day of August 2007.

_____
Barry Wiegand
Assistant U.S. Attorney

# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| Vs. | ) | |
| | ) | 2:07-CV-12269 (GCS) |
| BANK OF AMERICA ACCOUNT | ) | |
| NUMBERXXXXXXXX6055 IN THE | ) | |
| NAMEOF LATEST TECHNOLOGY | ) | |
| INTERNATIONAL VALUED AT | ) | |
| THREE HUNDRED FIFTY FOUR | ) | |
| THOUSAND ONE HUNDRED FORTY | ) | |
| FOUR DOLLARS AND FORTY FOUR | ) | |
| CENTS (354,144.44) IN U.S. CURRENCY | ) | |
| Defendant *in Rem* | ) | |

**FILED**

JUL – 2 2007

CLERK'S OFFICE
DETROIT

### Claim for Assets Seized from Bank of America account no. xxxxxxxx6055 of Latest Technology International

In compliance with the statement contained in the "Warrant of arrest, and notice *in rem*"

document *(dated May 25, 2007)* issued against all assets in the Bank of America account

belonging to the registered Maryland based business Latest Technology International;

which states in part on page 2 "Please be advised that if you want to become a claimant in

this action, *you must file a claim within thirty five (35) days after the notice was sent to*

*you, which is indicated on the enclosed certificate of service*", I am today filing an asset

claim motion.

In accordance with the above cited directive, I am filing this motion to assert a claim for

the return of the assets seized by the office of the United States Secret Service in the

Eastern District of Michigan from the bank account ending in numbers 6055 opened with

the Bank of America in Bowie to run a locally owned and operated business in Bowie

registered as Latest Technology International in the State of Maryland. [1] Attached to this

motion is an exhibit containing (a) the "About Us" web page of the business, and (b)

many pages of documents certifying its legal and fully registered status, allowing it to

operate within the State of Maryland.

Claimant is a law abiding United States citizen born in Africa. She is female and a

Muslim. Prior to registering a business, she had worked for the federal government of

the United States for almost two decades and had undergone and passed regular security

clearances.

Claimant lives and owns a property less than five miles from the Bank of America in

question, where she maintained her business account. Claimant has abided by and

supplied all the necessary information as required of her by the bank to open the said

bank account.

Latest Technology International has not engaged in any illegal activity as alleged by the

Eastern District of Michigan complaint. [2]  Claimant's position is that the seizure and

subsequent actions have severely impacted her legally run business.  As the sole means of

earning a livelihood, the impact of the Secret Service's actions has extended to

Claimant's family, as well.

Claimant is filing with the assets claim motion a declaration clearly asserting that she was

not involved with the alleged activity for which the Michigan Office initiated the

complaint. In accordance with the rules, the maximum number of days allowed the Secret

---

[1]  Latest Technology International was registered as a business with the Department of Assessment and Taxation in the State of Maryland on the 23rd day of June, 2005. See all registration papers and documentations.
[2]  See enclosed notarized declaration by Claimant.

Service to file a complaint in court after the initial assets are seized is (90 days) which had expired before the complaint was filed with the Michigan Court.

Claimant signed and mailed the asset claim form on the 21st day of February 2007, by FedEx priority overnight service, to the address specified by the correspondence from the Secret Service. The ninety days maximum for filing a complaint in court expired on the 23rd day of May, 2007. And the rules clearly states:

"CIVIL ASSET FORFEITURE REFORM ACT" OF 2000, Section 983 (3)(A) states in part "Not later that ninety days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims...."

## JURISDICTIONAL ARGUMENT

Jurisdictional claims are arguable, and appear to be flimsy at this time. The entire jurisdictional claim hinges on the alleged deposit of $8,725 into the LTI company account, a company registered and operated by Claimant.

1. The Michigan District office of the Secret Service is claiming having the legal authority for their foray into Maryland to seize funds from a legally registered and operated business, on allegation that there was a deposit of $8,725 into LTI account from an alleged victim of some fraud residing in Michigan.

2. Claimant has supplied a notarized declaration asserting her innocence in relation to the allegation against her business.

3. The Secret Service has not supplied any evidence to buttress any possible claim of connections between Claimant's company and the person who allegedly was a victim of fraud as claimed by the Michigan office of the Secret Service.

3

In determining proper venue for a trail, a defendant can move for a change of venue because of prejudice that may deprive him of a fair trial. This is a valid issue as it relates to the forfeiture action against LTI assets. The whole issue surrounding the confiscation of all funds from Claimant's business account from an office is Michigan is questionable. It appears too convenient for a region that is becoming increasingly notorious for civil forfeiture cases against Muslims businesses.[i] A case in point was the lawsuit filed by ACLU in Eastern Michigan District July 30, 2003 on behalf of several Muslim charities and groups Civil Action No. 03:72913. Another reference to a Michigan forfeiture case came from a Supreme Court Justice. It relates to the use of such forfeited funds. Presently, all assets seized by the Department of Justice go into its Asset Forfeiture Fund, which the Attorney General is authorized to use for law enforcement purposes. 28 U.S.C. S 524(c) For that practice Justice Scalia has voiced an opinion "....This incentive enhances the need for close scrutiny of *in rem* forfeitures. ["I]t makes more sense to scrutinize governmental action more closely when the State stands to benefit.' *Harmelin v. Michigan*, 501 U.S. 957, 979 n.9 ('91) (Scalia, plurality opinion)[3]

Nine factors are to be considered, in accordance with Supreme Court notation for making a change of venue. These reasons for change of venue include (1) location of defendant (2) disruption of the defendant's business (4) location of counsel (5) expense to the parties. All the reasons above are applicable to Defendant. Defendant is not located in Michigan. Defendant's business is also not in Michigan. And there will obviously be some substantial costs related to travel, room and board and local transportation for each

---

[3]Note that the case referenced that drew such comment from a Supreme Court Justice is also a Michigan case.

4

day of trial for Claimant. Claimant (Pro Se) is also not located in Michigan. Finally

Supreme Court's reasons as mentioned above also allows for a change of district to any

other, including a district in which no part of the offence was committed. For all these

reasons Defendant (LTI) seeks a change of venue.

Other procedural infractions:-

1. Complaint motion claimed that Deputy Clerk of Eastern Michigan Court, David J.

   Weaver signed a warrant for seizure of assets from the Bank of America account

   number ending in 6055 belonging to Latest Technology International on May 25,

   2007. That warrant was secured two calendar days beyond the 90 days limit

   specified for the filing of such complaint by the agency responsible.

The seizure has severely impacted LTI financially, and its ability to continue to do

international business because of the affect that this action has caused to its reputation.

LTI is a relatively new business that heavily relies on referrals, a great degree of trust in

addition to effective,and timely execution of its obligations.

The Bank Secrecy Act of December, 2000 says in part that the government has to prove

their claim "by a preponderance of evidence." Such criteria as stated are viewed based

on:

> The court, in deciding whether to release the property may look at several
> issues, including whether the claimant is an innocent owner, whether
> failure to release the property would create a hardship for the claimant,
> whether there is a "substantial connection" between the property and the
> offense, and whether the forfeiture is grossly disproportional to the gravity
> of the offense. The government has the burden of proving that the property
> is properly subject to forfeiture by a preponderance of the evidence. (*Asset
> Forfeiture, Subtitle 4 (Page 5), Bank Secrecy Act, "Comptrollers
> Handbook" December, 2000*)

The information disclosed a few weeks ago by the Secret Service, demonstrates no
justification to seize Claimant's assets, nor is there any reason for the Secret Service to
continue to hold the assets. Claimant has categorically denied by signed and notarized
declaration, any involvement in the allegation upon which the complaint filed with this
court was based.   This raises a lot of questions regarding jurisdictional claims, and legal
standing in relation to the seizure warrant extension and continuous retention of asset.
Claimant has entrusted the bank to not only receive funds and keep it, but to keep the
books as it relates to who makes deposits, and all the necessary background information
of depositors.  Taxpayers, including Claimant, pay the salaries of Secret Service agents
and provide them with an extensive and sophisticated means to be able to trace all
deposits, calls, networks, and systems for information. Claimant finds that after seven
months, the Secret Service has not been able to provide evidence that supports any
alleged connection between LTI  and these allegations, and therefore should release the
funds.

Based on the foregoing argument, Claimant requests that the Court order that the
jurisdiction remain in the District of Columbia and the seized assets from the Bank of
America Account # xxxxxxxxx6055 in the name of the company, Latest Technology
International be returned to claimant.

Many actions in relation to the seizure are suspect. In the opinion of one circuit court
Judge, "We believe the government's conduct in forfeiture cases leaves much to be
desired. We are certainly not the first to be 'enormously troubled by the government's
increasing and virtually unchecked use of the civil forfeiture statutes and the disregard for
due process that is buried in those statutes'" (Judge George Pratt in *US v. All Assets of
Statewide Auto Parts, Inc.*, 971 F.2d 896, 905 (2d Cir. 1992)); *US v. $506,231 in U.S.
Currency*, 125 F.3d 442 (7th Cir. 1997)

6

Respectfully Submitted

Hadiza I. Wada
4705 Rocky Spring Iane
Bowie MD 20715
301.809.2898.

## CERTIFICATE OF SERVICE

I certify that two (2) copies of the asset claim motion was dispatched by first class mail on the 27th day of June to:

The Clerk,
United States District Court
For Eastern District of Michigan

                        And a copy to:

                                Julie A. Beck
                                Assistant United States Attorney
                                211 W. Fort Street, Suite 2001
                                Detroit Michigan 48226

_Hadiza J. Wada_
Hadiza J. Wada
4705 Rocky Spring Lane
Bowie, MD 20715

8

## Latest Technology International
The Best for Less

# ABOUT US !

LTI is a product of careful research based on need and market availability. For long, developing nations as well as its private company CEOs and business owners, especially in African countries have been searching for a viable way to buy modest equipments and electronic devices just as simple as it is when they order the same thing while visiting in a developed country. For this reason, some have made it a habit to travel abroad to purchase the most simple of devices, just to make sure it is of good quality and it is shipped in a timely fashion for immediate use. You can now order from the comfort of your home and have it delivered as fast as you would want it. Just leave us a note at Sales@latestech.net and we will take it up of from there.

LTI wants, to provide you with equal if not better service than you can receive anywhere, right at your fingertips from whatever country you are ordering. You can now simply order products you need from your office by clicking products@latestech.net , and have it shipped to you. We process your orders through a secure server and deliver the purchased goods through the fastest means you may choose.

Want to modernize your operation, but you're not sure of the most cost effective way to go about it? Tell us what you want to do, how much you budgeted for it, and we will figure out the best way to spend your money, with an eye to getting a return for your investment. Leave detailed information at Query@latestech.net  Do not worry about all the technical jargon associated with IT operations. Because we work with each customer one-on-one, we will walk you through all you need to know to protect your investment and get the best possible usage from it. Our prices are competitive because our search for the right devices are not confined to any one country. If your preference is quality, we give you the best you can afford with your budget. We do the best we can for you, because we want to earn your trust.

Email us at Products@latestech.net, Sales@latestech.net or Query@latestech.net

State of Maryland
**Department of
Assessments and Taxation**

Charter Division



Robert L. Ehrlich, Jr.
*Governor*

C. John Sullivan, Jr.
*Director*

Paul B. Anderson
*Administrator*

HADIZA ISA WADA                                                    Date: 06/23/2005
4705 ROCKY SPRING LN
BOWIE                MD 20715-1023


This letter is to confirm acceptance of the following filing:

```
TRADE NAME          : LATEST TECHNOLOGY INTERNATIONAL
DEPARTMENT ID       : T00226390
TYPE OF REQUEST     : TRADE NAME REGISTRATION
DATE FILED          : 06-23-2005
TIME FILED          : 03:34-PM
RECORDING FEE       :           25.00
EXPEDITED FEE:. . : 50.00
FILING NUMBER       : 1000361991532957
CUSTOMER ID         : 0001632137
WORK ORDER NUMBER : 0001075175
```


PLEASE VERIFY THE INFORMATION CONTAINED IN THIS LETTER. NOTIFY THIS DEPARTMENT
IN WRITING IF ANY INFORMATION IS INCORRECT. INCLUDE THE CUSTOMER ID AND THE WORK
ORDER NUMBER ON ANY INQUIRIES.


Charter Division
Baltimore metro area (410)767-1350
Outside metro area (888)246-5941

*301 West Preston Street-Room 801-Baltimore, Maryland 21201-2395*
*Toll free in Maryland (888)246-5941*
MRS (Maryland Relay Service) (800)735-2258 TT/Voice- Fax (410)333-7097
*Website: www.dat.state.md.us*

0003460157



# TRADE NAME APPROVAL SHEET
## ** EXPEDITED SERVICE **        ** KEEP WITH DOCUMENT **

# _____

TRANSACTION TYPE          FEES REMITTED

25.00

TN - Trade Name Registration    _____
TA - Amendment                  _____
TA1 - Amendment Owner Added     _____
TA2 - Amendment Owner Deleted   _____
TA3 - Amendment Owner Name Change _____
TA4 - Amendment Location Added  _____
TA5 - Amendment Location Deleted _____
TA6 - Amendment Location Changed _____
TC - Cancellation               _____
TR - Renewal                    _____

Expedited Fee                   50.00

_____ Certified Copies

_____ Certificates         Copy Fee: _____

                        Certificate of Fact Fee:  75.00

                        TOTAL FEES:  75.00

NO FEE TRANSACTION TYPES

99T - Departmental Action
99TA - Departmental Action - Name Change
220T - Void Non-Payment
220TA - Departmental Action - Amendment
220TA1 - Departmental Action - Owner Added
220TA2 - Departmental Action - Owner Deleted
220TA3 - Departmental Action - Owner Name Change
220TA4 - Departmental Action - Location Added
220TA5 - Departmental Action - Location Deleted

Credit Card _____   Check ✓   Cash _____

_____ Documents on _____ Checks

Approved By: _____

Keyed By: _____

COMMENT(S):

---

ID # T00226390 ACK # 1000361991532957
LIBER: 000820 FOLIO: 0913 PAGES: 0002
LATEST TECHNOLOGY INTERNATIONAL

06/23/2005  AT 03:34 P NO # 0001075175

_____ Other Change(s)

_____

_____

_____

Code _____

Attention: _____

Mail to Address:

HADIZA ISA WADA
4705 ROCKY SPRING LN
BOWIE                    MD 20715-1023

CUST ID:0001632137
WORK ORDER:0001075175
DATE:06-23-2005 03:34 PM
AMT. PAID:$75.00

3



William Donald Schaefer
Comptroller

James M. Arnie
Director
Revenue Administration Division

WADA HADIZA ISA                                       DATE: 12/07/2006
3540 CRAIN HIGHWAY
P O BOX 423
BOWIE, MD 20716

Dear Maryland Merchant:

    I am pleased to enclose your new sales and use tax license that authorizes you to collect Maryland sales tax. This license should be prominently displayed so that the public can easily see it. Please verify that the information recorded on the license is accurate. If corrections are necessary, please call 410-767-1300 from Central Maryland or toll free 1-800-492-1751.

    I hope your new business venture will be successful and rewarding. If the Comptroller's office could provide any assistance or information to ensure its success, please contact us by calling the above numbers or by visiting any of our 15 branch offices located throughout the state. You will also find our website at www.marylandtaxes.com, a valuable resource.

Sincerely,

William Donald Schaefer
Comptroller of Maryland

For the hearing impaired: MRS 1-800-735-2258, TDD 410-767-1967

4

# DECLARATION OF HADIZA WADA

I, Hadiza I. Wada of 4705 Rocky Spring Lane, Bowie Maryland voluntarily provide the following notarized declaration.

Sometime during the first week of December 2006, I received one of those sky blue colored notices Bank of America sends to its customers as notices of overdraft or similar activities related to their accounts, which generally describe recent account activity, the action taken by the bank, and possible fees assessed the accounts. It was a notice claiming that the bank had turned over all funds held in business account ending in numbers 6055 in the name of Latest Technology International (a total of $354,244.44) to the United States Secret Service.

The Legal Counsel I had just retained a month earlier advised that I scrutinize all deposits in the business account identifying ownership, and for what purpose they were wired either into the account or out of the account. While reconciling the account, I was able to identify three separate deposits of $8,725 credited on 23rd day of October, 2006, $4,985 credited on the 24th day of October, 2006 and a $5,484 deposit credited on the 30th day of October 2006 that I had no idea why they were in my business account. There were just two businesses, Eagle Sino International and Latest Technology International who could make claims to any deposit, as described in more detail on the Assets Claim Form Latest Technology International filed with the U S Secret Service on the 21st day of February, 2007.

Eagle Sino International did not identify or lay claim on the three deposits.

On December 27, 2006 or thereabout, I provided my counsel with the result of my scrutiny of all wired deposits, clearly stating that both businesses had no claim to the three deposits.

I am today declaring in very clear terms that I had nothing to do with the cited deposit of $8,725, the jurisdictional claim from Michigan, including two others I am disclosing in good faith. I had no knowledge whatsoever, nor any connection to anyone to the best of my knowledge who could lay a claim on the deposits. I transacted no business for which they were deposited, and Eagle Sino International, the only other business with possible claims had never claimed them.

I have read the foregoing and declared that it is true to the best of my knowledge.

_Hadiza Wada_____                    _6/26/07_
Signed                                          Dated

Notarized _Theophile S. KAMTCHE_  My commission expires _October 7, 2008_

THEOPHILE SOCTEMI KAMTCHE
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires October 7, 2008

_Theophile Soctemi Kamtche_

1

5

x

**⑳ IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
P.O. BOX 9003
HOLTSVILLE NY    11742-9003

001872.345368.0007.001 1 MB 0.326 530
|ı.ıl.lllı.ıl.ıl..ll.ıll.ıl..llllı.ı.lll.ll.ıı..lıl.ılı.ıll

HADIZA ISA    WADA
LATEST TECHNOLOGY INTERNATIONAL
4705 ROCKY SPRING LANE
BOWIE MD    20715-1023

Date of this notice:  12-08-2006

Employer Identification Number:
20-5971387

Form:  SS-4

Number of this notice:  CP 575 E

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB OF THIS NOTICE.

.872

### WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN). We assigned you EIN 20-5971387. This EIN will identify your business account, tax returns, and documents, even if you have no employees. Please keep this notice in your permanent records.

When filing tax documents, please use the label we provided. If this isn't possible, it is very important that you use your EIN and complete name and address exactly as shown above on all federal tax forms, payments and related correspondence. Any variation may cause a delay in processing, result in incorrect information in your account or even cause you to be assigned more than one EIN. If the information isn't correct as shown above, please correct it using tear off stub from this notice and return it to us so we can correct your account.

To receive a ruling or a determination letter recognizing your organization as tax exempt, you should complete Form 1023 Revision 1024, Application for Recognition of Exemption at:

Internal Revenue Service
PO Box 192
Covington, KY  41012-0192

Publication 557, Tax Exempt for Your Organization, is available at most IRS offices or you can download this Publication from our Web site at www.irs.gov. This Publication has details on how you can apply.

IMPORTANT REMINDERS:

　　*  Keep a copy of this notice in your permanent records.

　　*  Use this EIN and your name exactly as they appear above on all your federal
　　　tax forms.

　　*  Refer to this EIN on your tax related correspondence and documents.

If you have questions, you can call or write to us at the phone number or address at the top of the first page of this notice. If you write, please tear off the stub at the end of this notice and send it along with your letter. Thank you for your cooperation.

*6.*