THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| HADIZA I. WADA )<br>    Plaintiff )<br>)<br>V. ) CIVIL ACTION NO. 07-cv-0442 (CKK)<br>THE UNITED STATES SECRET SERVICE )<br> et al. )<br>    Defendant ) | |

**MOTION IN SUPPORT OF REQUEST TO RULE IN PLAINTIFF'S FAVOR**

One primary reason for Plaintiff's choice of a bench trial is to facilitate the process of releasing her business account assets seized from the bank of America. This situation continues to cause hardship on Plaintiff's business and source of income.

Plaintiff has supported her assertions with documented evidence, and believes the defendants are willfully delaying the process. The Bank of America has adamantly refused to either answer the issues raised by Plaintiff in the complaint filed with the court, or provide any documentary proof of its apparent assertion that the bank should be relieved from any liability. Plaintiff wrote an email to the bank's counsel asking that the bank provide documentary evidence of their claim for Plaintiff to analyze, but the bank refused to comply. In fact the communication by email started after Plaintiff noticed a reply motion filed by the bank dated July 3, 2007 on the docket, in which a claim of having mailed Plaintiff a copy of the motion was mentioned, while in reality Plaintiff has not been served a copy.

1

On its part, the counsel for the United States Secret Service has made claims that could be construed as perjury.

1. The counsel for the Secret Service first claimed that Plaintiff filed a claim for the return of her company assets on February 26, 2007. Plaintiff denied that claim and asserted she filed her claim in full conformance with the process dictated by the Secret Service's correspondence (i.e. by FedEx overnight) and mailed it within the specified period on February 21, 2007. The Secret Service received the mail on February 22, 2207. Plaintiff provided evidentiary proof of her assertion; a copy of the mailing receipt from FedEx and online tracking details showing date and time of receipt. Thereafter, the Secret Service's counsel in his motion filed August 2, 2007 claimed that the date refers to agency's filing not Plaintiff's. But the rule "Civil Asset Forfeiture Reform Act of 2000, Section 983 (3) (a) states in part "Not later than ninety days after a claim has been filed, the government shall...." The person who files a claim is definitely Plaintiff whose business assets have been seized, not the Defendant. It refers to Plaintiff's filing and not the agency's (Defendant's).

Other important discrepancies that remained unresolved and unsupported are:

2. While the initial notification of action against Plaintiff's business account was dated 6th of November, 2006, the secret Service in Michigan claimed that it was first alerted of some suspicious activity in relation to the Michigan claim on the 21st day of November, 2006. That means all processes up until implementation of freezing of Plaintiff's account on November 15, 2006 was done without any legal authority.

3. Plaintiff has already provided the Court with just some, not all, of the financial harassments meted on her by several federal agencies, coinciding with the EEOC activities and the lawsuit filed against an agency of the federal government. (Case no 03-cv-1488). Plaintiff business account with the Bank of America was frozen the same week she retained counsel for Summary Judgment, and the first check returned after the freezing was the retainer fee for the lawyer.

4. The situation with the initiation of a process before any evidence of the alleged questionable activity came to light also implicates the bank and all its numerous actions against Plaintiff and her business interest as described in the document titled "Complaint details against the Bank of America" filed by Plaintiff with the her original complaint (March 6, 2007). How a bank could treat a client that way without any supporting proof is an issue that needs to be addressed.

5. The Secret Service allegedly issued a warrant dated December 1, 2006, signed by Victoria A. Roberts, a judge of the United States District Court for Eastern District of Michigan to seize all funds on deposit in Bank of America. The seizure case number claimed was 06X51106. Though the Secret Service has communicated with Plaintiff in writing from an office in Washington in January, and verbally interviewed Plaintiff in March, Plaintiff was not aware of the claimed warrant from Michigan until June 19, 2007.

6. Furthermore, Plaintiff's Advice of Debit document from bank of America received closer to the seizure event labeled the event as a garnishment. If the bank received the document the Secret Service claimed was in existence since December 1, 2006, why did they call it a garnishment. These legal documents are labeled differently for good legal reasons.

**Argument in favor of a favorable ruling for Plaintiff.**

Plaintiff opines that it appears from evidentiary proof on record, that this case is another case of financial harassment against Plaintiff. The funds were confiscated illegally and the reason for doing so was manufactured later, after the fact.

The Secret Service based its claim to have the legal authority to seize Plaintiff's business assets on allegations that there was a deposit of 8,275

4

into LTI account from an alleged victim of fraud in Michigan and therefore jurisdiction should be transferred to Michigan. But Counsel for Defendant has conceded that each case is judged individually in matters of jurisdiction.

Having challenged the allegations on all grounds, and exposed it in previous arguments for what it is, Defendant in its 08/02/2007 filing alleges a further $215,000.00 that it claims were fraudulently wired into Plaintiff's business accounts in November 2006. The day was left off in the filing, however, in their May 30, 2007 filing, the date November 21, 2008 was documented as the day that the Secret Service was allegedly informed of that scam also.

It appears illogical for the Secret Service to act on a claim for 8,275 and leave out the exorbitant amount of 215,.9000.00. It is more logical that Florida or Arizona would be the first to file their claims and initiate action against any account they claim proceeds from a resident of their state was deposited in. The filing once again left out information as to which office of the Secret Service was alerted for the two other states, apparently because regardless, these subsequent claims raise the issue of Jurisdictional authority for Michigan.

Plaintiff once again vehemently denies any involvement in all aforementioned scams. Plaintiff further asserts that these issues should be raised appropriately by those other states along with factual documentation. Plaintiff opines here that Defendant continues to gradually raise the amount

as another ploy to jack up the claim wrongfully. This it appears is done to boost the amount because $8275.00 appears a ridiculous figure to use in order to seize and continue to hold up an asset worth 354,144.44. Plaintiff therefore requests the court to overrule the attempt to boost the amount without legal Jurisdiction in order to further cause Plaintiff hardship and unnecessary delay.

In summary, Plaintiff believes the entire seizure process is flawed. The legal basis for initiating the seizure appears questionable, being that the process was initiated before any legal basis for the alleged charges against the account came to light. Moreover, the defendant's filing in Michigan was untimely. The Defendant has also clearly and deliberately misquoted the date for Plaintiff's filing, in an attempt to appear timely for its filing in Michigan. This action by Defendant might be construed as perjury.

Plaintiff has not engaged nor used her legally run business to engage in any scam. Though she would rather have this situation resolved based on the merits of the case, in reality charges have been thrown out of the courts for violation of the legal process. Both the issue of initiating action against Plaintiff's account before having any legal basis for such action, and that of untimely filing are legal grounds for dismissing the charges against Plaintiff. See Forfeiture Rule 981 title 18, USC (D) (not later that ninety days after a claim has been filed, the Attorney general shall file a complaint for forfeiture in the appropriate court or return the property...)

6

Based on the facts and evidentiary documents submitted in this case, and the foregoing argument Plaintiff respectfully requests the court to rule in her favor.

Respectfully Submitted

*[signature]*

Hadiza I. Wada
4705 Rocky Spring Lane
Bowie MD 20715
301.809.2898

## CERTIFICATE OF SERVICE

I certify that a copy of this motion has been mailed first class postage prepaid to;

Barry Wiegand
Assistant U. S. Attorney
555 4th Street N.W.
Washington DC 20530
202.307.0299
202.514.9707 Fx

Tessa Laspia Frederick
Miles and Stockbridge P.C.
10 Light Street
Baltimore MD 21202
410-727-6464
410-385-3700 Fx

Hadiza I. Wada
4705 Rocky Spring lane
Bowie MD 20715
301.809.2898

9