IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **HADIZA I. WADA,** | * | |
| **Plaintiff,** | * | Case No. 07-CV-00442 |
| v. | * | |
| | | **Judge Colleen Kollar-Kotelly** |
| | * | |
| **U.S. SECRET SERVICE, ET AL.,** | | |
| | * | **Deck Type: Pro se General Civil** |
| **Defendants.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT, BANK OF AMERICA'S MOTION TO STAY DISCOVERY

Defendant, Bank of America, N.A. ("BOA"), by its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 7, hereby moves this honorable Court to stay all discovery in this case. In support of this Motion, BOA refers the Court to the Memorandum of Law in Support of BOA's Motion to Stay Discovery, filed contemporaneously herewith and incorporated herein.

WHEREFORE, for the reasons more fully set forth in the Memorandum of Law in Support of Defendant's Motion to Stay Discovery, Defendant, Bank of America, N.A., respectfully requests that all discovery in this matter be stayed until this Court's ruling on the two outstanding motions to dismiss filed by the defendants in this case.

Respectfully submitted,

_____/s/_____
Tessa Laspia Frederick # 465519
Miles & Stockbridge P.C.
10 Light Street, Suite 1200
Baltimore, Maryland 21202
(410) 727-6464
Attorneys for Defendant,
Bank of America, N.A.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defendant, Bank of America's Motion to Stay Discovery was mailed via first class mail, postage prepaid, this 20th day of September, 2007, to:

>Hadiza Wada
>4705 Rocky Spring Lane
>Bowie, MD 20715
>
>Pro Se Plaintiff

_____/s/_____
Tessa Laspia Frederick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| HADIZA I. WADA, | * | |
| Plaintiff, | * | Case No. 07-CV-00442 |
| v. | * | |
| | * | Judge Colleen Kollar-Kotelly |
| U.S. SECRET SERVICE, ET AL., | * | |
| | * | Deck Type: Pro se General Civil |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT, BANK OF AMERICA, N.A.'S MOTION TO STAY DISCOVERY**

Defendant, Bank of America, N.A. ("BOA"), by its attorneys, Tessa L. Frederick and Miles & Stockbridge P.C., and pursuant to Federal Rule of Civil Procedure 7, hereby submits this Memorandum of Points and Authorities in Support of its Motion to Stay Discovery and respectfully states as follows:

**INTRODUCTION**

On or about March 6, 2007, Plaintiff, Hadiza I. Wada ("Plaintiff") filed a pro se Complaint with this Court against the United States Secret Service, Bank of America and Bill Leonard. On May 11, 2007, BOA filed a motion to dismiss this case. On June 19, 2007, co-defendant, the U.S. Secret Service also filed a motion to dismiss, or in the alternative to transfer this case. The motions are still outstanding.

Plaintiff recently filed a "Motion in Support of Request to Rule in Plaintiff's Favor." In that motion, Plaintiff makes numerous misstatements regarding the conduct of BOA's counsel during Plaintiff's apparent attempt to conduct discovery in this case. In light of the nature of the outstanding motions and the fact that Plaintiff is acting *pro se*, BOA seeks a stay of all discovery

until the motions to dismiss are ruled upon. A stay in the discovery would not only conserve on attorneys' fees and expenses in the event that this case is dismissed or transferred, but it would also provide guidance to the pro se plaintiff as to when and how to commence discovery in this case.

**ARGUMENT**

    I.    <u>Conducting Discovery in Federal Court.</u>

As this court is well aware, but for the benefit of the *pro se* Plaintiff, discovery is governed by Federal Rules of Civil Procedure ("FRCP") 26 through 37. Pursuant to FRCP 26(f) the parties are required to meet prior to the time in which a scheduling conference is held or a scheduling order is due. Specifically, under the Local Rule 16.3 of this Court, "counsel (including any non prisoner *pro se* party) must confer in accordance with this Rule in Rule 26(f) … within twenty-one days before a scheduling conference is held or a scheduling order is due under Rule 16(b)…" to review a multitude of items as set forth by the rules.

Moreover, pursuant to Federal Rules of Civil Procedure 33(a) and 34(b), "without leave of court or written stipulation, interrogatories or request for documents may not be served prior to the time in which the parties have conferred as required by Rule 26(f).

    II.    <u>Plaintiff's E-Mail Discovery Request.</u>

As of the present date, the parties have not yet met and conferred pursuant to the Federal Rules. However, on August 16, 2007, the undersigned counsel received an e-mail from Plaintiff in which Plaintiff attached a document entitled "Discovery List for Bank of America" which the Plaintiff considered to be a "partial discovery request." A true and correct copy of Plaintiff's August 16th e-mail and attachment are attached hereto as <u>Exhibit A</u> and incorporated herein by reference. This was the first contact from Plaintiff regarding discovery in this case.

The e-mail alleges that "so far the Bank of America has been seriously deficient in its response to Plaintiff's case. Bank of America has not yet addressed any of issues (statements) in the complaint filed by Plaintiff, especially statements 10 – 22 that specifically deals with the bank's activities as it relates to Plaintiff's bank accounts, especially the business economy checking account at issue in this case…." Exhibit A. The e-mail also states that "hence Plaintiff (Pro Se) expects the bank to treat this discovery requests as urgent, and to provide the requested documentation immediately." Id. Plaintiff's e-mail also threatens to compel discovery, but it does, however, offer a meeting to discuss the document requests. Id.

As this Court can see from the docket in this case, BOA filed a motion to dismiss in response to the Complaint as provided for under the Rules and is unaware that it has been "seriously deficient" in its response to the Complaint. In reply to the e-mail, the undersigned explained that discovery was premature at this point under the Federal Rules and agreed to meet with Plaintiff, but asked that the parties wait until the outstanding motions to dismiss were ruled upon by this Court.

On September 10, 2007, Plaintiff filed a motion entitled, "Motion in Support of Request to Rule in Plaintiff's Favor." In that Motion, Plaintiff accuses the Bank of "adamantly refus[ing] to either answer the issues raised by Plaintiff in the complaint…or provide any documentary proof of its apparent assertion that the bank should be relieved from any liability." Plaintiff's Motion, p. 1. Plaintiff also referenced the e-mail, attached as Exhibit A in the Motion and alleged that BOA refused to comply with her e-mail. Id.

At this point in the case, the parties have not yet met and conferred. Thus, discovery requests are premature. In addition, Plaintiff's discovery requests are not in the proper format and did not allow the BOA thirty days in which to respond as is provided for under the Federal Rules.

In light of the fact that there are two motions to dismiss pending, one of which has an alternative request for a transfer of the case, BOA respectfully requests that this Court stay any discovery including a meet and confer session between the parties, until this Court has ruled on the Motions to Dismiss. In the event that this case is not dismissed or transferred, this Court could give the parties thirty days in which to meet and confer and submit a meet and confer statement to the Court.

Should the Court grant this Motion to Stay Discovery, this would provide guidance to the Plaintiff with regard to the conduct of discovery in this matter and would also prevent the needless expenditure of attorneys' fees and expenses in conducting discovery prior to a ruling on the Motions to Dismiss.

It is clear from Plaintiff's Motion in Support of Request to Rule on Plaintiff's Favor and the attached e-mail, that Plaintiff is making unfounded allegations against the Bank simply because she is *pro se* and is apparently unaware or does not understand this Court's discovery procedures and rules as set forth in the Federal Rules of Civil Procedure and the Local Rules. This Court's assistance in staying discovery and setting a timeline of what will occur if the Motions to Dismiss are not granted, will certainly assist the pro se Plaintiff and all parties in this case.

## CONCLUSION

Wherefore, pursuant to the foregoing, Defendant, Bank of America, N.A., respectfully requests that this Court deny Plaintiff's Motion in Support of Request to Rule in Plaintiff's Favor and stay all discovery and the requirement to meet and confer until this Court has ruled upon the outstanding motions to dismiss.

Respectfully submitted,

_____/s/_____
Tessa Laspia Frederick # 465519
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202
410-727-6464 (telephone)
410-385-3700 (facsimile)

*Attorneys for Defendant,*
*Bank of America, N.A.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant, Bank of America's *Memorandum in Support of Motion to Stay Discovery* was mailed via first class mail, postage prepaid, this 20th day of September, 2007, to:

> Hadiza Wada
> 4705 Rocky Spring Lane
> Bowie, MD 20715
>
> *Pro Se* Plaintiff

_____/s/_____
Tessa Laspia Frederick

5

**Frederick, Tessa L.**

| | |
|---|---|
| **From:** | management@latestech.net |
| **Sent:** | Thursday, August 16, 2007 11:33 AM |
| **To:** | Frederick, Tessa L. |
| **Subject:** | BANK OF AMERICA |
| **Attachments:** | DISCOVERY.doc |

Ms. Laspian,

Attached is a copy of partial discovery request for civil case # 07:CV-0442. This should, in no way, be construed to be a final and all inclusive discovery request from Plaintiff.

So far the Bank of America has been seriously deficient in its response to Plaintiff's case. Bank of America has not yet addressed any of the issues (statements) in the complaint filed by Plaintiff, especially statements 10-22 that specifically deals with the bank's activities as it relates to

Plaintiff's bank accounts, especially the business economy checking account at issue in this case, neither had Mr. Bill Leonard filed any pleadings.

Hence, Plaintiff (Pro Se) expects the bank to treat this discovery request as urgent, and provide the requested documentation immediately. That will enable Plaintiff (Pro Se) make an independent determination of the bank's role in the confiscation of ALL funds in Plaintiff's business (Latest Technology International) account entrusted to the Bank.

Any more delays in providing a timely response to Plaintiff's requests for information from Bank of America will result in Plaintiff (Pro Se) taking all necessary steps to compel such disclosure.

I am requesting an immediate meeting with you to discuss the above document request....to reach an agreeable scope, time frame, nature and any other specifics relating to it.

Hadiza Wada, (Pro Se)
Founder, CEO
Latest Technology International
www.latestech.net
240.401.5775 Bus. Ph.
301.809.2898 Hm Ph



EXHIBIT A

# DISCOVERY LIST FOR BANK OF AMERICA

1. ALL documents including but not limited to official memos, emails, letters, notes, statements, minutes of meetings…. in BOA possession that relates to Plaintiff's three bank accounts at the bank of America.

2. ALL documents relating to the decision to restrict and close Plaintiff's accounts at BOA.

3. ALL correspondence records, verbal and documentary, between BOA and the United States Secret Service in relation to all three of Plaintiff's accounts.

4. Copy of ALL warrants, submitted to BOA by the United States Secret Service in relation to Plaintiff's accounts at BOA.

5. ALL documents in BOA possession that indicate the exact dates and times copies of warrant, if any, was received by BOA in relation to Plaintiff's accounts.

6. Please provide FULL and COMPLETE information in the bank's possession that relates to the source of the following three deposits made into Latest Technology International Business Economy Checking account; $8,725.00 of October 23, 2006, $4,985 of 24th day of October, 2006 and a $5,484 of the 30th day of October 2006.

7. Copies of all monthly account activity statements for all three of Plaintiff's bank accounts; two accounts (Nuevo Futuro Checking and Savings) and the LTI "Business Economy Checking" account since inception.

8. Copies of ALL documents in any form related to a phone call from BOA by its staff Therese to Plaintiff's residence on November 1, 2006.

9. Copies of all documents at BOA related to the $40,000.00 mentioned by Therese (as having been mistakenly deposited in Plaintiff's business account).

10. Any and all documents from BOA indicating Mr. Bill Leonard's date of hire and Title (Position) at BOA.

11. Full bio/record indicating positions held by Mr. Leonard (with corresponding dates) at BOA.

12. Any record indicating when Mr. Leonard was deployed to work for the Bank of America, located at 6911 Laurel Bowie Road, Bowie MD 20715 (full legally viable document indicating signature of executive or official authorizing relocation).

13. Any document indicating the title of the authorizing official making the decision for Mr. Leonard's deployment to Bowie Branch of BOA at the above address (6911 Laurel Bowie Rd).

14. ALL documents relating to the processing of a refund check for the balance of Plaintiff's business account (for Latest technology International) ending in numbers 6055

15. Copy of any refund check written for the balance of Plaintiff's Business Economy Checking account in the name of Latest Technology International; account ending in numbers 6055.

16. Copy of mailing receipt of the refund check (if any) for the business (Latest Technology International) account balance ending in numbers 6055.

17. ALL documents from the United States Secret Service to the Bank of America relating to the request for turning over any of Plaintiff's funds entrusted with

BOA, including the Latest Technology International account balance ending in numbers 6055.

18. ALL documents relating to the decision by the BOA to turn over account balance for Latest Technology International ending in numbers 6055 on to the United States Secret Service.

19. Any document in BOA possession indicating the official title, and name of authorizing official from the bank who authorized the turning over of Plaintiffs Business Economy Checking account balance to the United States Secret Service.

20. Any and all documents in BOA possession relating to the processing of a request by Plaintiff to the most senior official at Bowie Branch of BOA, Ms Crystal on November 15th 2006 for a letter from the bank to allay her customer concerns.

###

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| HADIZA I. WADA, | * | |
| Plaintiff, | * | Case No. 07-CV-00442 |
| v. | * | |
| | * | Judge Colleen Kollar-Kotelly |
| U.S. SECRET SERVICE, ET AL., | * | |
| | * | Deck Type: Pro se General Civil |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

Upon consideration of Bank of America's Motion to Stay Discovery, and any opposition hereto, it is hereby

ORDERED that all discovery in this case including a meet and confer session be stayed until the Court's ruling on all outstanding motions in this case.

_____
The Honorable Colleen Kollar-Kotelly
Judge, United States District Court
 for the District of Columbia